*100
 
 OPINION OF THE COURT
 

 Wesley, J.
 

 In this trio of cases, we are asked to determine the standards by which a court may exercise its discretion to extend a plaintiffs time to effectuate service pursuant to CPLR 306-b.
 

 As originally enacted in 1992, CPLR 306-b transformed New York from a commencement-by-service to a commencement-by-filing jurisdiction
 
 (see,
 
 CPLR former 306-b, added by L 1992, ch 216, § 7, repealed by L 1997, ch 476, § 1). This sweeping change conferred a considerable benefit upon plaintiffs by making the act of filing the point at which a claim is interposed for Statute of Limitations purposes
 
 (see, Matter of Gershel v Porr,
 
 89 NY2d 327, 330;
 
 see also,
 
 CPLR 203 [c] [1]). Under the statute, a plaintiff who filed an action was given a 120-day grace period within which to effectuate service of the summons and complaint; if proof of service was not timely filed, the action was automatically “deemed dismissed” without prejudice
 
 (see,
 
 CPLR former 306-b [a]). The plaintiff was free to commence a new action and serve process within a second 120-day period from the date of the automatic dismissal, even if the Statute of Limitations had expired
 
 (see,
 
 CPLR former 306-b [b]).
 

 This statutory scheme was criticized because it subjected plaintiffs to “the unnecessarily harsh consequences of a peremptory dismissal and the cost of re-filing. Furthermore, the filing of proof of service, a * * * ministerial act, inappropriately took on jurisdictional significance” (Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, C306-b:2, at 477;
 
 see also,
 
 Mem of Off of Ct Admin No. 97-67R [hereinafter OCA Mem], reprinted in 1997 NY Legis Ann, at 318-319;
 
 see also,
 
 Senate Mem in Support of L 1997, ch 476, reprinted in 1997 McKinney’s Session Laws of NY, at 2456-2457 [identical to OCA Mem]). Thus, in 1997, the present version of section 306-b, introduced at the request of the Chief Administrative Judge, was enacted
 
 (see,
 
 L 1997, ch 476, § 1).
 

 
 *101
 
 Under the new statute, a plaintiff must still serve a defendant within 120 days after the filing of the action. However, if service is not made within the prescribed period, the action is no longer “deemed dismissed.” Rather, the statute provides that “[i]f service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service” (CPLR 306-b). An extension of time for service is a matter within the court’s discretion
 
 (see,
 
 OCA Mem,
 
 supra).
 

 I.
 

 Leader v Maroney, Ponzini & Spencer
 

 Plaintiff Susan Leader retained the law firm of Maroney, Ponzini & Spencer to represent her in a divorce action. Plaintiff claims that nearly three years after judgment was entered in the divorce proceedings, she first learned that her husband’s law license could have been valued as a marital asset, and was subject to a distributive award. Plaintiff commenced this legal malpractice action against her former attorneys
 
 pro se,
 
 by filing a summons with notice in the Westchester County Clerk’s office on March 5, 1998, approximately two months before expiration of the Statute of Limitations. Plaintiff then retained counsel to represent her. Although counsel knew that a summons and notice had been filed, he made no attempt to effectuate service on defendants before the 120-day period expired. Unaware that the amendment to CPLR 306-b became effective on January 1, 1998, the attorney subsequently filed a second summons and a complaint in the County Clerk’s office on October 13, 1998. Defendants were served shortly thereafter. Since the second 120-day period from the action’s initial commencement did not expire until October 31, 1998 — although the Statute of Limitations had long passed — counsel mistakenly believed that defendants had been timely served in accordance with the former statute.
 

 Supreme Court granted defendants’ motion to dismiss the second action on Statute of Limitations grounds noting, however, that under the newly-amended CPLR 306-b, the first action remained pending. Plaintiff then successfully moved for an extension of time to serve in the first action. Her attorney acknowledged that he was unaware of the amendment to CPLR 306-b.
 

 The Appellate Division affirmed, concluding that Supreme Court properly exercised its discretion under the circumstances
 
 *102
 
 of the case (276 AD2d 194). It identified several factors warranting an interest of justice extension of time to serve the summons and complaint. After a thorough and thoughtful analysis of the statutory framework, the legislative history of the amendment and analogous provisions of Federal law, the Court reasoned that, although law office failure and the lack of reasonable diligence in effectuating service generally do not constitute good cause, the interest of justice standard of the statute was a separate, broader and more flexible provision which could encompass a mistake or oversight as long as there was no prejudice to the defendant. Two Justices disagreed on the ground that plaintiff failed to offer a reasonable explanation or excuse for her failure to be reasonably diligent in attempting service within the 120-day period following the filing of the initial summons.
 

 Scarabaggio v Olympia & York Estates
 

 On July 29, 1999, three months before the expiration of the Statute of Limitations, plaintiff Kathryn Scarabaggio commenced this personal injury action for injuries sustained as the result of a slip and fall on stairs located on property allegedly owned by defendant Olympia & York Estates. Although another defendant was served, Olympia was not. Plaintiff’s process server attempted to serve Olympia at its last-known business address, but was unable to do so because Olympia had relocated. The process server did not inform plaintiff’s counsel of the failure. Plaintiff’s attorneys moved for the extension promptly after the error was discovered, just weeks after the 120-day period expired. The record reflects that Olympia was aware of plaintiff’s claim. In fact, Olympia’s insurer had communicated with plaintiff’s counsel in that regard.
 

 Supreme Court granted plaintiff’s motion based on good cause and in the interest of justice. The Appellate Division, again over a two-Justice dissent, affirmed (278 AD2d 476). The Court concluded that Supreme Court appropriately exercised its discretion under the circumstances, emphasizing that, when an interest of justice extension is sought, a court may consider any relevant factor before making its determination and that no one factor is dispositive. The dissenters contended that leave to extend should be granted only in circumstances where plaintiff establishes reasonable diligence in attempting to effect service, a showing, they claimed, that was not made here.
 
 Hafkin v North Shore University Hospital
 

 Plaintiff Rhoda Hafkin underwent a bilateral knee replacement at North Shore University Hospital. On January 22,
 
 *103
 
 1998, one day before the expiration of the Statute of Limitations, plaintiff and her husband commenced a medical malpractice action against North Shore by purchasing an index number and filing a summons and complaint in the Nassau County Clerk’s office. North Shore was never served in that action. Plaintiffs thereafter commenced a second action by purchasing another index number and filing a second summons and complaint in the County Clerk’s office on September 11, 1998. These papers were served on defendant a few days later, but still within the second 120-day period available under the original version of CPLR 306-b. In early January 1999, defendant moved to dismiss the second action as time-barred. Not until February 4, 1999, did plaintiffs cross-move to extend their time for service in the first action.
 

 Supreme Court granted defendant’s motion to dismiss the second action and denied as academic plaintiffs’ cross motion to extend their time to serve the summons and complaint in the first action. The Appellate Division affirmed (279 AD2d 86).
 
 [1]
 
 The Court weighed several factors in making its determination, including the fact that plaintiffs offered no explanation or excuse for their initial failure to serve defendant and defendant did not receive notice of the claims for almost three years. Thus, the Court concluded that the interest of justice would not be served by rewarding the plaintiffs’ unexplained and unexcused “complete lack of diligence”
 
 (id.,
 
 at 89). The majority rejected the position of the two dissenting Justices that the record was not sufficiently developed to allow the Court to properly determine whether plaintiffs should be afforded an extension of time.
 

 In each case, the Appellate Division certified the following question: “Was the decision and order of this court properly made?” We now affirm.
 

 II.
 

 Defendants argue that, although the statute provides that an extension may be granted for “good cause” or in the
 
 *104
 
 “interest of justice,” under either standard a plaintiff must show reasonable diligence in attempting to effect service as a prerequisite to a court’s exercising its discretion to grant an extension. Plaintiffs acknowledge that a showing of reasonable diligence is relevant to demonstrating good cause, but contend that it is not a threshold factor that must be established before relief can be granted under the interest of justice standard. They assert that such a construction would render the interest of justice provision meaningless and would, in effect, merge the two standards into one. We agree with plaintiffs and hold that under the interest of justice standard, a showing of reasonable diligence in attempting to effect service is not a “gatekeeper.” It is simply one of many relevant factors to be considered by the court.
 

 In interpreting a statute, the starting point in any analysis must be the plain meaning of the statutory language
 
 (see, Rosner v Metropolitan Prop. & Liab. Ins. Co.,
 
 96 NY2d 475, 479;
 
 Majewski v Broadalbin-Perth Cent. School Dist.,
 
 91 NY2d 577, 583). We have recognized that meaning and effect should be given to every word of a statute. “Words are not to be rejected as superfluous where it is practicable to give each a distinct and separate meaning”
 
 (Cohen v Lord, Day & Lord,
 
 75 NY2d 95, 100;
 
 see also,
 
 McKinney’s Cons Laws of NY, Book 1, Statutes § 231).
 

 Applying these fundamental principles of statutory construction here, it is clear that with the amendment to CPLR 306-b, the Legislature gave the courts two separate standards by which to measure an application for an extension of time to serve. The two are stated separately, joined by the word “or” (CPLR 306-b). They cannot be defined by use of the same criteria; otherwise, one would have been sufficient. “The view that diligence is an across-the-board requirement * * * merges the two separate grounds for extension, because an exercise of reasonable diligence in attempting service would surely count as good cause” (Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, C306-b:3, at 483;
 
 see also,
 
 Siegel, NY Prac § 63, at 86-87 [3d ed] [a court may allow extension even when no good cause shown]).
 

 Our analysis is buttressed by an examination of the legislative history behind the amendment. The New York State Bar Association’s Commercial and Federal Litigation Section Committee on Civil Practice Law and Rules characterized the interest of justice standard as “more flexible” than the good cause standard, specifically noting that “[s]ince the term ‘good cause’
 
 *105
 
 does not include conduct usually characterized as ‘law office failure/ proposed CPLR 306-b provides for an
 
 additional and broader standard, i.e.,
 
 the ‘interest of justice/ to accommodate late service that might be due to mistake, confusion or oversight, so long as there is no prejudice to the defendant” (Bill Jacket, L 1997, ch 476, at 14 [citations omitted] [emphasis added]).
 
 [2]
 

 More importantly, however, the legislative history is unequivocal that the inspiration for the new CPLR 306-b provision was its Federal counterpart. The revision was intended to offer New York courts the “same type of flexibility” enjoyed by Federal courts under rule 4 (m) of the Federal Rules of Civil Procedure (OCA Mem,
 
 supra,
 
 at 319). Rule 4 (m) similarly provides two alternative grounds for a plaintiff seeking an extension of time to serve process. The rule explicitly mandates that “if the plaintiff shows good cause for the failure, the court shall extend the time for service” (Fed Rules Civ Pro, rule 4 [m]). The rule also authorizes a second, unspecified discretionary basis for extension “even if there is no good cause shown” (1993 Advisory Comm Note, Fed Rules Civ Pro, rule 4 [m];
 
 see, Boley v Kaymark,
 
 123 F3d 756, 758 [3d Cir],
 
 cert denied
 
 522 US 1109).
 

 The interest of justice standard requires a careful judicial analysis of the factual setting of the case and a balancing of the competing interests presented by the parties. Unlike an extension request premised on good cause, a plaintiff need not establish reasonably diligent efforts at service as a threshold matter. However, the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff’s request for the
 
 *106
 
 extension of time, and prejudice to defendant.
 
 [3]
 
 We also agree with the Appellate Division majorities that Federal case law analysis of rule 4 (m) of the Federal Rules of Civil Procedure provides a useful template in discussing some of the relevant factors for an interest of justice determination
 
 (see, e.g., AIG Managed Mkt. Neutral Fund v Askin Capital Mgt.,
 
 197 FRD 104, 109 [SD NY];
 
 see also, State of New York v Sella,
 
 185 Misc 2d 549, 554 [Albany County Sup Ct] [compiling Federal factors]).
 

 The statute empowers a court faced with the dismissal of a viable claim to consider any factor relevant to the exercise of its discretion. No one factor is determinative — the calculus of the court’s decision is dependent on the competing interests of the litigants and a clearly expressed desire by the Legislature that the interests of justice be served.
 

 III.
 

 Leader v Maroney, Ponzini & Spencer
 

 The Appellate Division applied the correct standard in evaluating plaintiffs motion to extend the time to serve. Plaintiff undeniably failed to make any attempt at service within the first 120 days after commencing the action
 
 pro se.
 
 Although plaintiff eventually retained counsel prior to the expiration of the initial 120-day period, counsel erroneously believed that the former version of the statute was still operative. Thus, he incorrectly concluded that the first action was deemed dismissed and that plaintiff was entitled to commence a new action. The Statute of Limitations expired soon after the initial filing. Plaintiffs attorney made the motion to extend within the second 120-day period that would have been available under the prior statute. Furthermore, defendants made no showing of prejudice while plaintiff has shown a meritorious cause of action. We discern no abuse of discretion here.
 

 
 *107
 

 Scarabaggio v Olympia & York Estates
 

 Similarly, the Appellate Division considered all relevant factors in concluding that an extension of time was justified in the interest of justice in this case. The process server hired by plaintiffs attorney made an effort to serve defendant, who had apparently relocated. However, the process server did not notify counsel that the attempt to effectuate service failed, and plaintiff proceeded with the action as if service had been made. Once the error was discovered, plaintiff promptly moved for an extension of time — within two months of the expiration of the Statute of Limitations and just one month after the 120-day period. Defendant failed to show any prejudice, particularly in light of some evidence in the record that it had actual notice of the action. Thus, we conclude that the Appellate Division correctly affirmed Supreme Court’s extension of the time to serve.
 
 Hafkin v North Shore University Hospital
 

 Although the Appellate Division here reached a different result than in the other two cases, it again applied the correct standard by weighing all relevant factors, and did not abuse its discretion as a matter of law in concluding that an extension was not warranted under the circumstances. Although the Statute of Limitations had expired, plaintiffs offered no explanation for their failure to serve defendant after commencement of the first action. Nor did they offer any excuse for their delay in making the motion to extend the time for service nearly eight months after the 120-day service period expired. Plaintiffs simply noted that under the prior statutory provision, their second action would have been timely commenced and served. Notably, unlike in
 
 Leader,
 
 plaintiffs did not assert that they were unaware of section 306-b’s amendment. As the majority noted, even after plaintiffs were made aware of the issue and had another opportunity in the proceeding to place relevant evidence on the record, they failed to take advantage of it. Finally, defendants had no notice of plaintiffs’ claims for nearly three years after their accrual, leading to an inference of substantial prejudice.
 

 Accordingly, in each of the three cases, the order of the Appellate Division should be affirmed, with costs. In
 
 Leader v Maroney, Ponzini & Spencer
 
 and
 
 Scarabaggio v Olympia & York Estates Co.,
 
 the certified questions should be answered in the affirmative. In
 
 Hafkin v North Shore Univ. Hosp.,
 
 the certified question should not be answered on the ground that it is unnecessary.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Rosenblatt and Graffeo concur.
 

 
 *108
 
 In
 
 Leader v Maroney, Ponzini & Spencer
 
 and
 
 Scarabaggio v Olympia & York Estates Co.:
 
 Order affirmed, with costs.
 

 In
 
 Hafkin v North Shore Univ. Hosp.:
 
 Order affirmed, etc.
 

 [1]
 

 . Defendant argues, for the first time, that the trial court had no jurisdiction in the second action to entertain plaintiffs’ cross motion for time to extend service in the first action because the second action stands alone. Plaintiffs do not explain their conduct, but counter that defendant’s argument is unpreserved and courts may grant complete relief to appealing parties. Plaintiffs may have thought the first action was “deemed dismissed” under the former version of CPLR 306-b. The Appellate Division did not expressly address this jurisdictional discrepancy, but simply used a double caption and characterized the actions as “related” (279 AD2d 86).
 

 [2]
 

 . The Appellate Division dissenters in
 
 Leader
 
 and
 
 Scarabaggio
 
 concluded that reasonable diligence in effectuating service of process was a prerequisite to a court’s analysis under either standard. As support for their position they noted a Memorandum from the Office of Court Administration, a key proponent of the amendment, which stated, in part, that “extensions of time should be liberally granted whenever plaintiffs have been reasonably diligent in attempting service”
 
 (see,
 
 OCA Mem,
 
 supra,
 
 at 319). They failed to note, however, that the Memorandum spoke in general terms and did not attempt to define the two standards. Indeed, the Memorandum explicitly acknowledged that the new statute would permit an extension “upon good cause shown
 
 or
 
 in the interest of justice”
 
 (id.,
 
 at 318 [emphasis added]).
 

 [3]
 

 . Lower courts in this State have already applied some of these factors, and others, in determining interest of justice extensions under CPLR 306-b
 
 (see, e.g., Beauge v New York City Tr. Auth.,
 
 282 AD2d 416 [Statute of Limitations had expired, defendant had actual notice of claim, and no prejudice demonstrated];
 
 Busler v Corbett,
 
 259 AD2d 13 [Statute of Limitations had expired, service made only 28 days after 120-day time period ended, and plaintiff promptly moved for extension];
 
 cf., Estate of Jervis v Teachers Ins. & Annuity Assn.,
 
 279 AD2d 367,
 
 affg
 
 181 Misc 2d 971 [motion to extend denied where Statute of Limitations had expired, delay in service was lengthy and no showing of a meritorious cause of action]).