■ DANIEL T. HAMBRIC et al., Respondents, v EDWARD McHUGH et al., Appellants. [734 NYS2d 596] —In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (J. Leone, J.), dated November 16, 2000, as denied their motion to dismiss the action as time-barred.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the action is dismissed.

In April 1995 the plaintiff Daniel T. Hambric allegedly was injured when his vehicle was struck by a vehicle owned by the defendant Edward McHugh and operated by the defendant Debora McHugh. Over 2½ years later, by summons and complaint filed February 18, 1998, the plaintiffs commenced their first action against the defendants. When the defendants failed to appear in that action or to serve an answer, the plaintiffs moved to enter judgment upon their default. The defendants cross-moved to dismiss the complaint for lack of personal jurisdiction based on improper service. The matter was referred to

a Judicial Hearing Officer, who concluded, after a hearing, that service had not been properly effected. The defendants thereafter moved to confirm the Judicial Hearing Officer's decision and to dismiss the complaint, and the plaintiffs cross-moved pursuant to CPLR 306-b for an extension of time to effect service. By order dated May 30, 2000, the Supreme Court granted the motion and denied the cross motion.

The plaintiffs did not appeal from the May 30, 2000, order. However, on June 16, 2000, the plaintiffs commenced this second action against the defendants. The defendants moved to dismiss the second action as time-barred by the three-year Statute of Limitations applicable to personal injury claims. In opposition, the plaintiffs argued that they should be permitted to commence this second action pursuant to CPLR 306-b because they have a meritorious cause of action that they diligently pursued. The Supreme Court denied the motion, finding that since the plaintiffs had shown reasonable diligence in recommencing the action and demonstrated that it had merit, they should be permitted to proceed in the interest of justice pursuant to CPLR 306-b. We reverse.

As originally enacted, CPLR 306-b required a plaintiff to file proof of service within 120 days after the commencement of the action. If a plaintiff failed to file proof of service within this time frame, the action was automatically deemed dismissed. However, the potential harshness of the "deemed dismissed" provision was softened by allowing a plaintiff a second 120-day period in which to commence a new action and serve process, even if the Statute of Limitations had expired after the commencement of the original action (*see, Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95).

CPLR 306-b was amended in 1997. As amended, a plaintiff must still serve a defendant within 120 days, but the action is no longer deemed dismissed if service is not made within that time period (*see, Leader v Maroney, Ponzini & Spencer, supra*). Rather, the statute gives the court the flexibility to extend a plaintiff's time to effect service in a pending action "upon good cause shown or in the interest of justice" (CPLR 306-b). However, the amended version of CPLR 306-b no longer affords a plaintiff the opportunity to commence a second action concerning otherwise time-barred claims after the dismissal of the first action. Since the plaintiffs commenced their first action after the amended CPLR 306-b went into effect, the Supreme Court was authorized to extend the plaintiffs' time to effect proper service only as to that timely-filed first action, and only while that first action was still pending (*see, Sottile v*

*Islandia Home for Adults*, 278 AD2d 482). Accordingly, the plaintiffs' second action, which was commenced after the expiration of the Statute of Limitations, should have been dismissed as time-barred (*see,* CPLR 214, 3211 [a] [5]; *see also, Hafkin v North Shore Univ. Hosp.*, 97 NY2d 95). Krausman, J. P., McGinity, H. Miller and Smith, JJ., concur.