■ DANIEL YARDENI, Appellant, v MANHATTAN EYE, EAR AND THROAT HOSPITAL et al., Respondents. [780 NYS2d 140]—

Judgment, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered February 24, 2003, dismissing the complaint in an action bearing index no. 103963/02, unanimously affirmed, without costs. Order, same court and Justice, entered January 24, 2003, which, in an action for medical malpractice bearing index no. 120387/01, granted defendants' motions to dismiss the action for failure to make timely service of process, unanimously affirmed, without costs.

The alleged medical malpractice occurred on May 13, 1999. Plaintiff, acting pro se, filed a summons with notice on October 20, 2001, but never attempted to serve either defendant hospital or defendant doctor. The $2\frac{1}{2}$-year statute of limitations expired on November 13, 2001, and the 120-day period for serving defendants (CPLR 306-b) expired on Monday February 18, 2002. In or about January 2002, plaintiff consulted with an attorney who, concerned with the specificity of plaintiff's pro se summons (CPLR 305 [b]), purchased a new index number and filed a new summons and complaint on February 26, 2002, which were served on defendants in late February and early March 2002. Defendants served answers containing a statute of limitations defense in mid-March and early April 2002, and, after learning of the filing of the first action, moved to dismiss the first action for failure to make timely service and the second action as barred by the statute of limitations. On October 1, 2002, almost eight months after expiration of the 120-day period, plaintiff cross-moved for an extension of time in which to serve a summons and complaint under the "interest of justice" provision contained in CPLR 306-b. The motion court denied the cross motion and dismissed both actions.

We affirm. Because of the particular facts presented here, the second action must be dismissed as the summons and complaint therein were filed after the statute of limitations had expired (CPLR 203 [a], [c]; 214-a, 304). In addition, the motion court properly determined that it would not be in the interest of justice to extend plaintiff's time to serve defendants in the first action, based upon the "inference of substantial prejudice" raised by defendants' lack of notice of that action until they were served with the summons and complaint in the second action in late February and early March 2002 after the expiration of the applicable statute of limitations (*see Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105-106, 107 [2001]). In addition, plaintiff did not cross-move for the CPLR 306-b extension until eight months after defendants were served in the second

action, and then only in response to defendants' motion to dismiss. Like the motion court, we would add that plaintiff's expert's affirmation is conclusory (*see id.* at 105). Concur— Mazzarelli, J.P., Saxe, Sullivan, Friedman and Gonzalez, JJ.