■ ELIZABETH DONAHUE, Appellant, v NASSAU COUNTY HEALTHCARE CORPORATION, Respondent, et al., Defendants. [789 NYS2d 519]—

In an action to recover damages for personal injuries, the

plaintiff appeals from an order of the Supreme Court, Nassau County (Alpert, J.), dated December 23, 2003, which granted the motion of the defendant Nassau County Healthcare Corporation pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it as time-barred.

Ordered that the order is affirmed, with costs.

On May 21, 2000, the plaintiff, a patient at the hospital operated by the defendant Nassau County Healthcare Corporation (hereinafter NCHC), allegedly was injured when a portion of the bed from which she was arising collapsed, causing her to fall. She subsequently commenced an action against NCHC (sued therein as Nassau County Medical Center) and Borg-Warner Products, the manufacturer of the bed. The action was dismissed insofar as asserted against NCHC for lack of personal jurisdiction (*see* CPLR 3211 [a] [8]). On December 27, 2002, the plaintiff moved in that action pursuant to CPLR 306-b to extend her time to serve NCHC. The Supreme Court denied the motion on the ground that there was no longer an action pending in which such relief could be granted (*see Hambric v McHugh,* 289 AD2d 290, 291 [2001]; *Sottile v Islandia Home for Adults,* 278 AD2d 482, 483 [2000]). That order also stated, albeit incorrectly (*see* Public Authorities Law § 3415 [1] [c]), that the plaintiff's remedy was "to start a new action since it appears that the statute of limitations will expire on May 21, 2003."

Allegedly in reliance upon the Supreme Court's statement, the plaintiff commenced this action on May 19, 2003. Thereafter, the Supreme Court granted NCHC's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it on the ground that the statute of limitations had expired (*see* Public Authorities Law § 3415 [1] [c]).

Contrary to the plaintiff's contention, the law of the case doctrine did not preclude dismissal of the action against NCHC. The Supreme Court's misstatement was not essential to the resolution of the motion on the merits. The earlier action against the hospital was dismissed for lack of personal jurisdiction (*see* CPLR 3211 [a] [8]), not because it was time-barred (*see* CPLR 3211 [a] [5]). Accordingly, it was mere dicta and not the law of the case (*see Gay v Farella,* 5 AD3d 540, 541 [2004]; *Baldasano v Bank of N.Y.,* 199 AD2d 184, 185 [1993]; *D'Amato v Access Mfg.,* 305 AD2d 447, 448 [2003]). In any event, "the doctrine of law of the case is not binding upon an appellate court" (*Wynkoop v County of Nassau,* 139 AD2d 731, 732 [1988]). In this action, the Supreme Court correctly determined that the applicable one year and 90-day statute of limitations (*see* Public Authorities Law § 3415 [2]) expired on or about

August 21, 2001, which was almost two years before this action was commenced on May 19, 2003. H. Miller, J.P., Santucci, Spolzino and Skelos, JJ., concur.