■ MICHAEL BAIONE, Appellant, v ISIDORA ZAMBRANO et al., Defendants, DANIEL YEAGER, Respondent, and REHABILITATION MEDICINE ASSOCIATES, Appellant. [802 NYS2d 383]—In an action to recover damages for medical malpractice, the defendant Rehabilitation Medicine Associates appeals from so much of an order of the Supreme Court, Suffolk County (Henry, J.), dated

March 12, 2004, as denied that branch of its motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it and granted the plaintiff a further extension of time pursuant to CPLR 306-b to serve the summons with notice upon it, and the plaintiff separately appeals, as limited by his brief, from so much of the same order as granted that branch of the motion of the defendant Daniel Yeager which was to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Under the facts of this case, the Supreme Court providently exercised its discretion in granting, in the interest of justice, the plaintiff a further extension of time pursuant to CPLR 306-b to serve the summons with notice upon the defendant Rehabilitation Medicine Associates (*see Leader v Maroney, Ponzini & Spencer,* 97 NY2d 95 [2001]; *Simonovskaya v Olivo,* 304 AD2d 553, 554 [2003]; *Earle v Valente,* 302 AD2d 353, 354 [2003]; *Gurevitch v Goodman,* 269 AD2d 355, 356 [2000]). Moreover, the Supreme Court properly granted that branch of the motion of the defendant Daniel Yeager which was to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction (*see Hafkin v North Shore Univ. Hosp.,* 279 AD2d 86 [2000], *affd* 97 NY2d 95 [2001]).

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Santucci, Luciano and Covello, JJ., concur.