■ NEW YORK STATE DIVISION OF HUMAN RIGHTS, Appellant, v VINCENT Q. GIFFUNI et al., Respondents. [836 NYS2d 125]—

Order, Supreme Court, New York County (Karen S. Smith, J.), entered May 24, 2006, which, in an action pursuant to Executive Law § 297 (9) by the State Division of Human Rights alleging that defendant landlords unlawfully discriminated against a disabled tenant by refusing a reasonable accommodation to keep an emotional support animal in her apartment, denied plaintiff's motion for a default judgment and granted defendants' cross motion to dismiss the complaint, unanimously affirmed, with costs.

It would not serve the interest of justice to extend plaintiff's time to serve the summons and complaint (CPLR 306-b; *see Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105-106 [2001]). First, before the complainant filed her administrative complaint with plaintiff, she was sued by defendants in Civil Court, where her initial defense, with respect to her alleged violation of the lease's no-pet clause, was that defendants had consented to her having a dog in her apartment. A subsequent request by the complainant, after a change of lawyers, to add the defense that the dog was an emotional support animal was denied by Civil Court for lack of merit. Rather than appealing this adverse decision, the complainant filed a housing discrimi-

nation complaint with plaintiff, and then settled the holdover proceeding by agreeing to remove the dog from the apartment. Assuming in complainant's favor that the stipulation settling the holdover proceeding was legally effective to preserve her right to file a complaint with plaintiff, it remains that the proceedings in Civil Court do not tend to show that justice would be served by preserving the claim. Other circumstances give additional support to that conclusion. Plaintiff waited two years to file a summons and complaint after defendants elected, under Executive Law § 297 (9), to have plaintiff commence an action in Supreme Court. Then, without any apparent basis therefor, plaintiff attempted service only on defendants' attorneys in the administrative proceeding. A year later, after expiration of the three-year statute of limitations (CPLR 214 [2] [measured from defendants' section 297 (9) election]), plaintiff moved for a default judgment, annexing the affidavit of service asserting service on defendants' attorneys, and defendants cross-moved to dismiss for lack of jurisdiction. In response to the cross motion, plaintiff requested an extension of time to serve the summons and complaint, virtually conceding that service was improper. By this point, over $4^{1}/_{2}$ years had passed since defendants' alleged discriminatory act in denying the complainant's request to keep a dog in her apartment, and the complainant no longer lived in defendants' building. Plaintiff's only response is that defendants had notice of the claim and that the complainant could still be entitled to compensation for mental anguish. That argument is specious. Concur—Sullivan, J.P., Gonzalez, Sweeny and Catterson, JJ.