■ MONTICA G. MEZA, Respondent, v PROUD TRANSIT INC., Defendant, and JOHN KARLYG, Appellant. [866 NYS2d 100]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered February 22, 2008, which, to the extent appealed from, denied the motion to vacate the default judgment against defendant Karlyg, unanimously reversed, on the law, without costs, the motion granted, and the complaint as against defendant-appellant dismissed. The Clerk is directed to enter judgment accordingly.

At the time of his car accident with plaintiff, Karlyg lived in Pennsylvania and had a Pennsylvania driver's license. A few months later, he moved to New York. Two years after the accident, plaintiff—not knowing that Karlyg had moved to New York—brought this action and attempted to serve Karlyg pursuant to Vehicle and Traffic Law § 253 (2). The postal service returned the summons and complaint with the envelope marked "unable to forward." Pursuant to the statute, plaintiff subsequently filed the envelope. However, this did not satisfy the statute, which requires an envelope marked "refused" or "unclaimed." (§ 253 [2].) Because plaintiff did not properly serve Karlyg, the court never obtained jurisdiction over him, so the complaint must be dismissed as against him (see e.g. Ross v Hudson, 303 AD2d 393 [2003]; Bingham v Ryder Truck Rental, 110 AD2d 867 [1985]).

Plaintiff's argument that Karlyg is estopped because he failed to comply with Vehicle and Traffic Law § 505 (5) is unavailing. The statute has no extraterritorial effect for non-New York license holders. Thus, there is no authority for the position that a person holding a *Pennsylvania* (as opposed to a New York) driver's license would be required to report a change of address to the New York Commissioner of Motor Vehicles within ten days of changing his address. Concur—Lippman, P.J., Gonzalez, Sweeny, Catterson and DeGrasse, JJ.