■ Maria Sutter, Respondent, v Winston Reyes et al., Defendants, and City of New York, Appellant. [874 NYS2d 120]—

Order, Supreme Court, Bronx County (Paul A. Victor, J.), entered October 31, 2007, which granted plaintiff's motion for an extension of time to serve the complaint pursuant to CPLR 306-b and denied defendant City of New York's cross motion to dismiss for lack of personal jurisdiction, unanimously affirmed, without costs.

Plaintiff, was injured on October 31, 2004, and served the City of New York with a notice of claim on December 7, 2004. Thereafter, a General Municipal Law § 50-h hearing was held. When plaintiff's process server attempted to serve the City he delivered the initiatory papers to the wrong government entity, namely, the New York State Office of the State Deputy Comptroller. Thus, plaintiff failed to serve the City. Plaintiff's counsel did however, send letters to the lawyers that represented the City at the section 50-h hearing, the New York State Office of the State Deputy Comptroller and the New York City Corporation Counsel's Office requesting that the City file an answer to the action. Subsequently, plaintiff sought an extension of time to serve the City, which Supreme Court granted.

In *Leader v Maroney, Ponzini & Spencer* (97 NY2d 95, 105-106 [2001]), the Court of Appeals stated: "The interest of justice standard [of CPLR 306-b] requires a careful judicial analysis of the factual setting of the case and a balancing of the competing interests presented by the parties. Unlike an extension request premised on good cause, a plaintiff need not establish reasonably diligent efforts at service as a threshold matter. However, the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant." Here, plaintiff's counsel exercised little, if any, diligence in serving the City. Moreover, plaintiff's request for the extension of time to serve the City was not prompt. Nevertheless, there are factors which support an interest of justice extension, and the City has not demonstrated that it would be prejudiced if the extension were granted. In this regard, the City has not established that, as a result of plaintiff's failure to serve it timely or plaintiff's delay in seeking an extension, the City has lost some special right, or incurred some change of position or some significant expense (*see Murray v City of New York*, 51 AD3d 502, 503 [2008], *lv denied* 11 NY3d 703 [2008], citing *Barbour v Hospital for Special Surgery*, 169 AD2d 385 [1991]). Because some factors weigh in favor of granting an interest of justice extension and some do not, we should not disturb Supreme Court's discretion-laden determination. We note that it is significant that the notice of claim and General Municipal Law § 50-h hearing provided the City with notice of the occurrence, theory of recovery and claimed injuries well before expiration of the statute of limitations (*cf. Slate v Schiavone Constr. Co.*, 4 NY3d 816 [2005]). Concur—Tom, J.P., Friedman, Gonzalez, Sweeny and McGuire, JJ.