■ GREGORY SIRAGUSA, Respondent, v ROBERT F. D'ESPOSITO, M.D., et al., Defendants, and LABORATORY CORPORATION OF AMERICA HOLDINGS, Also Known as LABCORP, Appellant. [983 NYS2d 624]—

In an action, inter alia, to recover damages for medical malpractice, the defendant Laboratory Corporation of America Holdings, also known as LabCorp, appeals from an order of the Supreme Court, Nassau County (Sher, J.), entered January 30, 2013, which denied that branch of its motion which was to dismiss the action insofar as asserted against it for lack of personal jurisdiction, and granted the plaintiff's cross motion pursuant to CPLR 306-b to extend the plaintiff's time to effect service upon it.

Ordered that the order is affirmed, with costs.

The instant action was commenced by filing on or about May 10, 2011, and service was attempted on September 8, 2011. The appellant did not answer, and a default judgment was entered against it in April 2012. The appellant moved to vacate the default judgment, and the plaintiff cross-moved for an extension of time pursuant to CPLR 306-b to serve the appellant. After a hearing, the Supreme Court concluded that the plaintiff failed to establish proper service, and vacated the default judgment. Subsequently, in the order appealed from, the Supreme Court denied that branch of the appellant's motion which was to dismiss the action insofar as asserted against it for lack of personal jurisdiction, and granted the plaintiff's cross motion pursuant to CPLR 306-b to extend the plaintiff's time to effect service upon it.

When considering whether to grant an extension of time to effect service beyond the 120-day statutory period in the interest of justice, the court may consider the plaintiff's diligence, or lack thereof, along with other relevant factors, including the expiration of the statute of limitations, the potentially meritorious nature of the cause of action, the length of delay in service, the promptness of the plaintiff's request for the extension of time, and any prejudice to the defendant (*see Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105-106 [2001]). A determination of whether to grant the extension in the interest of justice is generally within the discretion of the motion court (*see Baione v Zambrano*, 22 AD3d 698, 699 [2005]).

In the instant case, an attempt at proper service was made within the 120-day period, which was later adjudicated to be defective. Furthermore, the statute of limitations had expired by the time the appellant challenged service as defective in its motion to vacate the default judgment, the plaintiff promptly cross-moved for an extension of time to effect proper service, and there was no demonstrable prejudice to the appellant attributable to the delay in effecting proper service. Under the circumstances, granting an extension of time pursuant to CPLR 306-b to serve the appellant was a provident exercise of discretion (*see Leader v Maroney, Ponzini & Spencer*, 97 NY2d at 105-106; *Moundrakis v Dellis*, 96 AD3d 1026, 1027 [2012]; *Thompson v City of New York*, 89 AD3d 1011, 1012 [2011]). Rivera, J.P., Lott, Miller and Hinds-Radix, JJ., concur.