Nunez-Ariza v Nell (2018 NY Slip Op 03735)





Nunez-Ariza v Nell


2018 NY Slip Op 03735


Decided on May 24, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 24, 2018

Friedman, J.P., Gische, Andrias, Kern, Oing, JJ.


6642 21891/14E

[*1]Jose Daniel Nunez-Ariza, Plaintiff-Respondent,
v
Brian J. Nell, Defendant-Appellant, Marie Peterson, et al., Defendants.


Morris Duffy Alonso & Faley, New York (Iryna S. Krauchanka of counsel), for appellant.
Yadgarov & Associates, PLLC, New York (Ronald S. Ramo of counsel), for respondent.



Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about April 24, 2017, which granted plaintiff's cross motion pursuant to CPLR 306-b to extend the time to serve defendant Brian J. Nell (defendant), and granted defendant's motion to dismiss the complaint unless plaintiff property serves him within 60 days, unanimously affirmed, without costs.
Where plaintiff attempted to serve defendant pursuant to Vehicle and Traffic Law § 253, but the notice of service upon the Secretary of State along with a copy of the summons and complaint that he mailed to defendant's out-of-state address was returned as undeliverable, service was never effectuated (Vehicle and Traffic Law § 253; Mez v Proud Tr., Inc., 55 AD3d 332 [1st Dept 2008]). However, where, as here, service is not timely made, the court may, within its discretion, extend the time for service upon either good cause or in the interest of justice (CPLR 306-b; Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 101 [2001]). In applying the interest of justice standard, "the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (Leader, 97 NY2d at 105-106). "No one factor is determinative" (id. at 106).
Here, defendant's insurer was on notice of the claim within months of the happening of the accident and plaintiff demonstrated a potentially meritorious action. "Because some factors weigh in favor of granting an interest of justice extension and some do not, we should not disturb Supreme Court's discretion-laden determination" (Sutter v Reyes, 60 AD3d 448, 449 [1st Dept 2009]; see Nicodene v Byblos Rest., Inc., 98 AD3d 445 [1st Dept 2012]; Woods v M.B.D. Community Hous. Corp., 90 AD3d 430 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 24, 2018
CLERK