Darko v Guerrino (2019 NY Slip Op 01058)





Darko v Guerrino


2019 NY Slip Op 01058


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2017-08922
 (Index No. 66554/16)

[*1]Alberta Darko, respondent, 
v
Gary C. Guerrino, etc., et al., defendants, Gregory Stanley, etc., appellant.


Heidell, Pittoni, Murphy & Bach, LLP, White Plains, NY (Daniel S. Ratner and Daryl Paxson of counsel), for appellant.
Tantleff & Kreinces, LLP, Mineola, NY (Matthew R. Kreinces of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice and lack of informed consent, the defendant Gregory Stanley appeals from an order of the Supreme Court, Westchester County (Lawrence H. Ecker, J.), dated June 26, 2017. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant Gregory Stanley and denied the defendant's cross motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
ORDERED that the order is affirmed insofar as appealed from, with costs.
By summons and verified complaint dated November 2, 2016, the plaintiff commenced this action alleging, inter alia, that, between June 1, 2014, and July 15, 2014, the defendant Gregory Stanley (hereinafter the defendant) and others committed medical malpractice by "improperly failing to remove broken glass" from the plaintiff's leg. According to an affidavit of service, the defendant was served with the summons and complaint on December 22, 2016. On or about February 17, 2017, the defendant answered the complaint and raised, inter alia, lack of personal jurisdiction as an affirmative defense. Thereafter, the plaintiff moved, among other things, pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant. The defendant then cross-moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. The Supreme Court, inter alia, granted that branch of the plaintiff's motion and denied the defendant's cross motion. The defendant appeals.
"An extension of time for service is a matter within the court's discretion" (Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 101). Such a motion may be granted upon "good cause shown or in the interest of justice" (CPLR 306-b; see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 104-105). " Good cause' and interest of justice' are two separate and independent statutory standards" (Bumpus v New York City Tr. Auth., 66 AD3d 26, 31; see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 104). "To establish good cause, a plaintiff must demonstrate reasonable diligence in attempting service" (Bumpus v New York City Tr. Auth., 66 AD3d at 31; see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106). The interest of justice standard "requires a careful judicial analysis of the factual setting of the case and a balancing of the competing [*2]interests presented by the parties" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105). "Unlike an extension request premised on good cause, a plaintiff [seeking an extension in the interest of justice] need not establish reasonably diligent efforts at service as a threshold matter" (id.). "However, the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the [potentially] meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (id. at 105-106; see Wells Fargo Bank, NA v Barrella, 166 AD3d 711, 713; HSBC Bank USA, N.A. v Oqlah, 163 AD3d 928, 928-929; Moundrakis v Dellis, 96 AD3d 1026, 1027).
We agree with the Supreme Court's determination granting, in the interest of justice, that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant. The statutory 120-day period for service of process commenced in November 2016 (see CPLR 306-b). In December 2016, the plaintiff attempted service on the defendant on multiple occasions. Moreover, she promptly moved, inter alia, for an extension of time to serve the summons and complaint after the defendant challenged the service on the ground that it was defective (see Moundrakis v Dellis, 96 AD3d at 1027). The statute of limitations had expired at the time the plaintiff made her motion, and there was no demonstrable prejudice to the defendant.
In light of our determination, the defendant's remaining contention need not be reached.
RIVERA, J.P., CHAMBERS, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court