Nationstar Mtge., LLC v Wilson (2019 NY Slip Op 07595)





Nationstar Mtge., LLC v Wilson


2019 NY Slip Op 07595


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2016-11490
 (Index No. 68700/14)

[*1]Nationstar Mortgage, LLC, respondent,
v
Patricia Wilson, et al., defendants, Russell Carbone, appellant.


Anthony J. Lopresti, Garden City, NY (Gail M. Blasie of counsel), for appellant.
Akerman LLP, New York, NY (Jordan M. Smith and Ashley S. Miller of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Russell Carbone appeals from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated October 3, 2016. The order granted the plaintiff's motion pursuant to CPLR 306-b for leave to extend its time to serve that defendant with the summons and complaint.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, and the plaintiff's motion pursuant to CPLR 306-b for leave to extend its time to serve the defendant Russell Carbone with the summons and complaint is denied.
In March 2008, the defendant Patricia Wilson obtained a loan secured by a mortgage on certain real property located in Yonkers. Wilson allegedly defaulted on the loan in November 2008, and in August 2009, a foreclosure action was commenced against her and others, which action was eventually discontinued in November 2015. On April 4, 2012, Wilson transferred the property to the defendant Russell Carbone for $5,000 by quit claim deed. On July 23, 2014, the mortgage was assigned to Nationstar Mortgage, LLC (hereinafter Nationstar).
On October 24, 2014, Nationstar commenced this foreclosure action against Wilson, Carbone, and others. Carbone was purportedly served on October 30, 2014, by delivery of the summons and complaint to a person of suitable age and discretion at the subject property that was followed by first class mailing. By answer dated December 5, 2014, Carbone asserted, inter alia, the affirmative defense of lack of personal jurisdiction on the ground of improper service. By notice of motion dated February 2, 2015, Carbone moved to dismiss the complaint insofar as asserted against him on this ground. Carbone alleged that the subject property address was not his residence, and that he resided in Far Rockaway, as was set forth in the deed.
On February 20, 2015, Nationstar purportedly served Carbone at his residence in Far Rockaway by delivering the summons and complaint to a relative of Carbone followed by first class mailing on February 23, 2015. By answer dated March 3, 2015, Carbone again asserted an affirmative defense of lack of jurisdiction on the ground of improper service. By notice of motion dated April 23, 2015, Carbone again moved to dismiss the complaint insofar as asserted against him, this time based on improper service with regard to service made on February 20, 2015. Carbone contended that, contrary to the process server's averments in the affidavit of service, a surveillance video of the lobby of his apartment building showed that the process server went to the building but [*2]did not in fact gain entry and never served the papers on Carbone.
By order dated January 11, 2016, the Supreme Court, inter alia, granted Carbone's second motion to dismiss the complaint to the extent of directing the parties to appear for a hearing on the issue of service. The court found that Carbone's first motion to dismiss was rendered moot by service of the summons and complaint on February 20, 2015.
By order to show cause dated April 20, 2016, Nationstar moved pursuant to CPLR 306-b for an extension of time to serve Carbone.
On May 13, 2016, a hearing on the issue of service was held. The hearing court determined that, contrary to the affidavit of service of the process server wherein he averred that Carbone was served by delivering the summons and complaint to a relative of Carbone, Carbone had not been properly served. The court found the process server "totally lacking of credibility," noting that he admitted that he was the person depicted in the surveillance video recording from the lobby of Carbone's building and that he only went to Carbone's apartment building once that day and he never gained entry.
By order dated October 3, 2016, the Supreme Court granted Nationstar's motion pursuant to CPLR 306-b for an extension of time to serve Carbone. Carbone appeals from that order.
Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in granting the plaintiff's motion pursuant to CPLR 306-b for leave to extend the time to serve Carbone with the summons and complaint.
If service of the summons and complaint is not made upon a defendant within 120 days of commencement of the action, "the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service" (CPLR 306-b). " Good cause' and interest of justice' are two separate and independent statutory standards" (Bumpus v New York City Tr. Auth., 66 AD3d 26, 31; see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104). "To establish good cause, a plaintiff must demonstrate reasonable diligence in attempting service" (Bumpus v New York City Tr. Auth., 66 AD3d at 31; see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106). The interest of justice standard is a broader standard "to accommodate late service that might be due to mistake, confusion or oversight, so long as there is no prejudice to the defendant" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105 [internal quotation marks omitted]). "The interest of justice standard requires a careful judicial analysis of the factual setting of the case and a balancing of the competing interests presented by the parties" (id.). "Under the interest of justice standard, the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for an extension of time, and prejudice to defendant'" (Wells Fargo Bank v Figueroa, 171 AD3d 987, 989, citing Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106).
Here, the plaintiff failed to establish that it exercised reasonably diligent efforts in attempting to effect proper service upon Carbone, and thus failed to show good cause (see Wells Fargo Bank, NA v Barrella, 166 AD3d 711, 714; Hobbins v North Star Orthopedics, PLLC, 148 AD3d 784, 787-788). The first attempted service upon Carbone was made on October 30, 2014, at the property which is the subject of this foreclosure action. Carbone's answer raised the affirmative defense of improper service, and in his affidavit submitted in support of his motion to dismiss filed on February 2, 2015, this argument was set out in detail, in that Carbone asserted that he did not reside at the property address. Yet, Nationstar waited until February 20, 2015, the day before the expiration of the 120-day service period, to make a second attempt to serve Carbone at his residence, and notably this service was not completed within the 120-day period. Moreover, in regard to the second attempt at service, which the Supreme Court totally discredited, it cannot be said that the plaintiff exercised reasonable diligence in attempting service.
Further, the plaintiff failed to establish entitlement to an extension of time for service in the interest of justice. Even though Nationstar was on notice in April 2015—when Carbone moved to dismiss for the second time based on improper service, relying on the surveillance video [*3]recording of the process server—that the February 2015 service was defective, and even though a copy of the video was sent to counsel for Nationstar on February 26, 2016, Nationstar still waited until April 2016 to move for an extension of time to serve Carbone. The plaintiff's motion therefore was not made until one year after Carbone moved to dismiss, and 16 months after the expiration of the 120-day service period (see Jung Hun Cho v Bovasso, 166 AD3d 868, 870; Hourie v North Shore-Long Is. Jewish Health Sys., Inc.-Lenox Hill Hosp., 150 AD3d 707, 709). The facts that the action was timely commenced, that Carbone had actual notice of the action within the 120-day service period, and that the statute of limitations had expired by the time the plaintiff moved to extend the time to serve, militate in favor of granting the plaintiff's motion to extend the time to serve. However, these factors are outweighed by the lack of diligence evidenced by the Supreme Court's finding that the process server never served Carbone, despite the process server's affidavit claiming he did serve Carbone.
Accordingly, the Supreme Court should have denied the plaintiff's motion pursuant to CPLR 306-b to extend its time to serve Carbone with the summons and complaint.
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court