Gjurashaj v ABM Indus. Groups, LLC (2023 NY Slip Op 00753)

Gjurashaj v ABM Indus. Groups, LLC

2023 NY Slip Op 00753

Decided on February 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 09, 2023

Before: Webber, J.P., Oing, González, Scarpulla, Rodriguez, JJ. 

Index No. 153290/21 Appeal No. 17287 Case No. 2022-04463 

[*1]Lulu Gjurashaj, Plaintiff-Respondent,
v
ABM Industry Groups, LLC, et al., Defendants, Tom Deda Defendant-Appellant.

Law Offices of Yale Pollack, P.C., Syosset (Yale Pollack of counsel), for appellant.
Perrone Law, PLLC, Hicksville (Daniel C. Perrone, III of counsel), for respondent.

Order, Supreme Court, New York County (Lisa Headley, J.), entered on or about April 5, 2022, which granted plaintiff's motion for an extension of time to effect service pursuant to CPLR 306-b and denied defendant Tom Deda's motion to dismiss the complaint, unanimously affirmed, without costs.
The motion court providently exercised its discretion in granting plaintiff's motion for an extension of time to effect service in the interest of justice and denying defendant's motion to dismiss the complaint (see CPLR 306-b). "The interest of justice standard requires a careful judicial analysis of the factual setting of the case and a balancing of the competing interests presented by the parties" (Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105 [2001]). In applying the interest of justice standard, "the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the statute of limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (id. at 105-106). "No one factor is determinative" (id. at 106).
Although defendant cites plaintiff's lack of diligence in service, diligence or lack thereof is one of several factors that may be considered by a court under an interest of justice analysis (id. at 105-106). The record demonstrates that the statute of limitations had not expired at the time of plaintiff's motion, plaintiff alleges potentially meritorious claims, there was a short delay in service, plaintiff promptly requested an extension, and defendant has not demonstrated that he would be prejudiced if the extension were granted (see Henneberry v Borstein, 91 AD3d 493, 496 [1st Dept 2012]; Sutter v Reyes, 60 AD3d 448, 449 [1st Dept 2009]).
We have considered defendant's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2023