Gillard v Citigroup (2025 NY Slip Op 03278)

Gillard v Citigroup

2025 NY Slip Op 03278

Decided on June 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 03, 2025

Before: Manzanet-Daniels, J.P., González, Mendez, Pitt-Burke, Rosado, JJ. 

Index No. 159920/22|Appeal No. 4508|Case No. 2023-03250|

[*1]Carolyn Gillard, Plaintiff-Appellant,
v
Citigroup, et al., Defendants-Respondents.

Law Offices of Eric J. Warner, LLC, New York (Eric J. Warner of counsel), for appellant.

Order, Supreme Court, New York County (Lori S. Sattler, J.), entered June 30, 2023, which, to the extent appealed from as limited by the brief, denied plaintiff's motion for an extension of time to effect service on defendant US Life pursuant to CPLR 306-b, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in denying plaintiff's motion for additional time to serve US Life with the summons and complaint. Plaintiff failed to satisfy the criteria for an extension of time to serve either upon good cause shown or in the interest of justice (see CPLR 306-b; Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 103-104 [2001]). As to good cause, plaintiff failed to demonstrate reasonable diligence in attempting to timely serve US Life (see Matter of Jordan v City of New York, 38 AD3d 336, 339 [1st Dept 2007]; see also Leader, 97 NY2d at 105). Plaintiff made a single attempt to serve US Life at an apparently incorrect address and "made insufficient efforts to locate the correct address" thereafter (Esposito v Isaac, 68 AD3d 483, 483 [1st Dept 2009]). Further, plaintiff did not timely move for an extension before the 120-day period expired (see CPLR 306-b), and it appears that at the time plaintiff filed the instant appeal US Life "had still not been served [or] put on notice of plaintiff's claims against [it]" (Rodriguez v Saal, 43 AD3d 272, 276 [1st Dept 2007]; see also Pecker Iron Works, Inc. v Namasco Corp., 37 AD3d 367, 368 [1st Dept 2007]).
Nor was an extension warranted in the interest of justice (see Leader, 97 NY2d at 105-106). Plaintiff did not establish that her cause of action against US Life was potentially meritorious (see Gjurashaj v ABM Indus. Groups, LLC, 213 AD3d 479, 480 [1st Dept 2023]) and did not rebut the inference of substantial prejudice, given the protracted delay in service at this point (see Nationstar Mtge. LLC v McCallum, 191 AD3d 480, 481 [1st Dept 2021]). Furthermore, there is no evidence that US Life had notice of the action at any time before the statutory period for effecting service had expired (see Nationstar, 191 AD3d at 481; Esposito, 68 AD3d at 484; Rodriguez, 43 AD3d at 276).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 3, 2025