Waring v Town of Hempstead (2025 NY Slip Op 06750)

Waring v Town of Hempstead

2025 NY Slip Op 06750

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-12015
 (Index No. 615394/21)

[*1]Gregory Waring, appellant, 
v
Town of Hempstead Industrial Development Agency, respondent.

Dell & Dean, PLLC (Horn Appellate Group, Brooklyn, NY [Scott T. Horn and Christen Giannaros], of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Felice J. Muraca, J.), entered October 6, 2023. The order, insofar as appealed from, denied the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant.
ORDERED that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant is granted.
In December 2021, the plaintiff commenced this action against the defendant, the Town of Hempstead Industrial development Agency (hereinafter the defendant), and the Town of Hempstead (hereinafter the Town) to recover damages for personal injuries he alleged he sustained in September 2020 when he slipped and fell on a wet hallway floor in his apartment building (hereinafter the premises). Pursuant to a stipulation, the action was discontinued against the Town. According to the plaintiff, the defendant owned, leased, and/or managed the premises. The defendant failed to appear or answer the complaint, and the plaintiff thereafter moved for a default judgment against the defendant. The defendant opposed contending that it was never served. Following an order by the Supreme Court directing that a hearing be held to determine the validity of service upon the defendant, the plaintiff moved pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant. The defendant opposed. In an order entered October 6, 2023, the court, inter alia, denied the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant.
Pursuant to CPLR 306-b, a court may, in the exercise of its sound discretion, grant a motion for an extension of time within which to effect service for good cause shown or in the interest of justice (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104-105). "If good cause for an extension is not established, the court must consider the broader interest of justice standard of CPLR 306-b" (Wells Fargo Bank, N.A. v Ciafone, 188 AD3d 957, 958; see Fink v Dollar Mart, 186 AD3d 1197, 1198). The "interest of justice" standard is more flexible than the "good cause" standard (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105).
Here, the Supreme Court should have granted the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant in the interest of [*2]justice. As an initial matter, the action was timely commenced, the plaintiff timely attempted service of process, the plaintiff promptly moved for an extension of time to serve the defendant when the defendant contended that service was defective, and the statute of limitations had expired when the plaintiff moved for such relief (see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106; Jhang v Nassau Univ. Med. Ctr., 140 AD3d 1018, 1019-1020). Moreover, the defendant had actual notice of the action pursuant to the timely notice of claim served on it by the plaintiff (see DiBuono v Abbey, LLC, 71 AD3d 720, 720). Further, the plaintiff demonstrated that he had a potentially meritorious cause of action based upon the verified complaint and the notice of claim submitted to the defendant (see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106; Singh v Trahan, 153 AD3d 961).
Thus, under the circumstances of this case, the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant should have been granted in the interest of justice (see Jhang v Nassau Univ. Med. Ctr., 140 AD3d at 1019-1020; DiBuono v Abbey, LLC, 71 AD3d at 720).
DUFFY, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court