BAC Home Loans Servicing, L.P. v Herbst (2020 NY Slip Op 01316)





BAC Home Loans Servicing, L.P. v Herbst


2020 NY Slip Op 01316


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-08498
 (Index No. 20230/09)

[*1]BAC Home Loans Servicing, L.P., etc., respondent,
v
Yecheskel Y. Herbst, etc., et al., appellants, et al., defendants.


Israel Vider, Brooklyn, NY (Lonuzzi & Woodland LLP [John Lonuzzi], of counsel), for appellants.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Yecheskel Y. Herbst and Gitty Herbst appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated May 17, 2017. The order, insofar as appealed from, granted that branch of the plaintiff's cross motion which was pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendants Yecheskel Y. Herbst and Gitty Herbst.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
On August 11, 2009, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendants Yecheskel Y. Herbst and Gitty Herbst (hereinafter together the defendants) by filing a summons and complaint. The defendants were purportedly served by "affix and mail" service (see CPLR 308[4]) by a process server on August 17, 2009, within the statutory 120-day period for service of process (see CPLR 306-b). The defendants did not answer the complaint. Nevertheless, they participated in several settlement conferences pursuant to CPLR 3408 between June 2, 2010, and November 17, 2011.
In March 2016, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendants and for an order of reference. In June 2016, the defendants cross-moved, inter alia, to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction. The plaintiff thereafter cross-moved, inter alia, pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendants. In an order dated May 17, 2017, the Supreme Court, inter alia, granted that branch of the plaintiff's cross motion which was pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendants. The defendants appeal.
As relevant here, CPLR 306-b provides that "[s]ervice of the summons and complaint . . . shall be made within one hundred twenty days after the commencement of the action." That section further provides that, "[i]f service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service" (CPLR 306-b). " An extension of time for service is a matter within the court's discretion'" (Darko v Guerrino, 169 AD3d 768, 769, quoting Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 101). " Good cause' and interest of justice' are two separate and independent statutory standards" (Bumpus v New York City Tr. Auth., 66 AD3d 26, 31). "To establish good cause, a plaintiff must demonstrate reasonable diligence in attempting service" (id. at 31; see Leader v Maroney, Ponzini & Spencer, 97 NY2d at [*2]105-106). "If good cause for an extension is not established, courts must consider the interest of justice' standard of CPLR 306-b" (Bumpus v New York City Tr. Auth., 66 AD3d at 32), which "requires a careful judicial analysis of the factual setting of the case and a balancing of the competing interests presented by the parties" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105). "Unlike an extension request premised on good cause, a plaintiff [seeking an extension in the interest of justice] need not establish reasonably diligent efforts at service as a threshold matter" (id.). "However, the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the [potentially] meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (id. at 105-106; see Wells Fargo Bank, NA v Barrella, 166 AD3d 711, 713; HSBC Bank USA, N.A. v Oqlah, 163 AD3d 928, 928-929; Moundrakis v Dellis, 96 AD3d 1026, 1027; Bumpus v New York City Tr. Auth., 66 AD3d at 32). "No one factor is determinative—the calculus of the court's decision is dependent on the competing interests of the litigants and a clearly expressed desire by the Legislature that the interests of justice be served" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 106).
While the plaintiff did not establish good cause, an extension of time was warranted in the interest of justice (see HSBC Bank USA, N.A. v Oqlah, 163 AD3d at 930; US Bank N.A. v Saintus, 153 AD3d 1380, 1381-1382; Emigrant Bank v Estate of Robinson, 144 AD3d 1084, 1085-1086). The plaintiff demonstrated that a potentially meritorious cause of action existed, that it promptly moved for an extension of time to serve the summons and complaint after the defendants challenged service on the ground that it was defective, that the statute of limitations had expired at the time the defendants and the plaintiff made their respective cross motions, and that there was no demonstrable prejudice to the defendants as a consequence of the delay in service (see HSBC Bank USA, N.A. v Oqlah, 163 AD3d at 930).
The defendants' remaining contentions either are without merit or not properly before this Court.
AUSTIN, J.P., ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court