Chase Home Fin., LLC v Berger (2020 NY Slip Op 04289)





Chase Home Fin., LLC v Berger


2020 NY Slip Op 04289


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2018-11351
 (Index No. 10454/09)

[*1]Chase Home Finance, LLC, appellant,
v
Abraham Berger, respondent, et al., defendants.


Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas of counsel), for appellant.
Jeremy Rosenberg, Chestnut Ridge, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Rockland County (Rolf M. Thorsen, J.), dated July 11, 2018. The order denied the plaintiff's motion, inter alia, pursuant to CPLR 306-b to extend the time to serve the defendant Abraham Berger with the summons and complaint, and granted the motion of that defendant to vacate, among other things, an order of reference of the same court dated April 6, 2010, and a judgment of foreclosure and sale of the same court entered August 27, 2010, and pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him.
ORDERED that the order dated July 11, 2018, is affirmed, with costs.
In March 2004, Abraham Berger (hereinafter the defendant) borrowed the sum of $300,000 from the plaintiff's predecessor in interest. The loan was evidenced by a note and secured by a mortgage on certain real property located in Spring Valley. In October 2009, the plaintiff commenced this action against the defendant and others alleging, inter alia, that the defendant defaulted in his payment obligations under the note and mortgage.
In August 2010, the plaintiff obtained a default judgment of foreclosure and sale against the defendant. Four years later, the plaintiff attempted to enforce the judgment of foreclosure and sale by moving, inter alia, for leave to substitute the affidavit of merit. The Supreme Court granted the motion in an order dated February 20, 2015. Thereafter, the defendant moved to vacate, among other things, an order of reference dated April 6, 2010, and the judgment of foreclosure and sale, and pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him on the ground, inter alia, that he had never been served with the summons and complaint. In late 2017, the plaintiff moved, among other things, pursuant to CPLR 306-b to extend the time to serve the defendant with the summons and complaint.
After the plaintiff admitted that its original affidavit of service was erroneous and failed to produce its process server when the parties appeared for a hearing to determine the validity [*2]of service of process, the Supreme Court denied the plaintiff's motion and granted the defendant's motion, inter alia, to dismiss the complaint insofar as asserted against him. The plaintiff now appeals and argues, among other things, that the court should have granted its motion in the interest of justice.
CPLR 306-b provides, in relevant part, that "[s]ervice of the summons and complaint . . . shall be made within one hundred twenty days after the commencement of the action." CPLR 306-b further provides that, "[i]f service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service."
"An extension of time for service is a matter within the Court's discretion" (Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 101). In applying the CPLR 306-b interest of justice standard, which is distinct from the good cause standard (see State of New York Mtge. Agency v Braun, 182 AD3d 63), the court must engage in " a careful judicial analysis of the factual setting of the case and a balancing of the competing interests presented by the parties'" (BAC Home Loans Servicing, L.P. v Herbst, 180 AD3d 980, 981, quoting Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105). In so doing, " the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the [potentially] meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant'" (BAC Home Loans Servicing, L.P. v Herbst, 180 AD3d at 981, quoting Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106).
Here, we agree with the Supreme Court that the plaintiff's delay of nearly five years between obtaining a default judgment of foreclosure and sale against the defendant and its attempt to enforce that judgment, during which time the statute of limitations expired, weighed against extending the time to serve the defendant with the summons and complaint by approximately nine years. In addition, the court found that the plaintiff was seeking relief pursuant to CPLR 306-b to avoid the consequences of its inability to produce its process server on the scheduled date of the hearing. Under these circumstances, the court providently exercised its discretion in determining that granting the plaintiff's motion would not serve the interest of justice. Likewise, we agree with the court's determination granting the defendant's motion, inter alia, to dismiss the complaint insofar as asserted against him on the ground that he had not been properly served with the summons and complaint.
In light of the foregoing, we need not reach the plaintiff's remaining contention.
DILLON, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court