U.S. Bank N.A. v Viera (2020 NY Slip Op 05549)





U.S. Bank N.A. v Viera


2020 NY Slip Op 05549


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-11987
 (Index No. 6457/08)

[*1]U.S. Bank National Association, etc., appellant,
v
Jack Viera, et al., defendants, Doris Robertson, respondent.


Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), dated March 5, 2018. The order, insofar as appealed from, after a hearing, granted that branch of the motion of the defendant Doris Robertson which was pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against her, and denied the plaintiff's motion pursuant to CPLR 306-b for an extension of time to serve that defendant with the summons and complaint.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, that branch of the motion of the defendant Doris Robertson which was pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against her is denied, and the plaintiff's motion pursuant to CPLR 306-b for an extension of time to serve that defendant with the summons and complaint is granted.
On March 12, 2008, the plaintiff commenced this action to foreclose a mortgage encumbering certain real property in Jackson Heights. The defendant Doris Robertson (hereinafter the defendant) purportedly was served with the summons and complaint, but failed to interpose an answer. On May 13, 2009, a judgment of foreclosure and sale was issued upon the defendants' default. By order dated May 29, 2015, the Supreme Court granted the plaintiff's motion to vacate the judgment of foreclosure and sale.
In December 2016, the defendant moved to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. After the Supreme Court ordered a hearing to determine the propriety of service of process, the plaintiff moved pursuant to CPLR 306-b for an extension of time to serve the defendant with the summons and complaint, in the event it was determined that service of process upon her was improper. When the process server failed to appear for the hearing, the court granted the defendant's motion to dismiss the complaint insofar as asserted against her, and denied the plaintiff's motion pursuant to CPLR 306-b for an extension of time to serve her with the summons and complaint. The plaintiff appeals.
CPLR 306-b provides, in pertinent part, that "[s]ervice of the summons and complaint . . . shall be made within one hundred twenty days after the commencement of the action. . . . If service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown [*2]or in the interest of justice, extend the time for service."
"The interest of justice standard requires a careful judicial analysis of the factual setting of the case and a balancing of the competing interests presented by the parties. Unlike an extension request premised on good cause, a plaintiff need not establish reasonably diligent efforts at service as a threshold matter. However, the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-106). CPLR 306-b "empowers a court faced with the dismissal of a viable claim to consider any factor relevant to the exercise of its discretion. No one factor is determinative—the calculus of the court's decision is dependent on the competing interests of the litigants and a clearly expressed desire by the Legislature that the interests of justice be served" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 106).
Here, the Supreme Court improvidently exercised its discretion in denying the plaintiff's motion pursuant to CPLR 306-b for an extension of time to serve the defendant with the summons and complaint in the interest of justice, considering, inter alia, the expiration of the statute of limitations, the meritorious nature of the plaintiff's cause of action, the plaintiff's prompt request for the extension, and the lack of demonstrable prejudice to the defendant (see State of New York Mtge. Agency v Braun, 182 AD3d 63, 66-67; BAC Home Loans Servicing, L.P. v Herbst, 180 AD3d 980). Accordingly, the court should have granted the plaintiff's motion for an extension of time to serve the defendant and denied the defendant's motion to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
DILLON, J.P., LASALLE, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court