Wells Fargo Bank, N.A. v Ciafone (2020 NY Slip Op 06580)





Wells Fargo Bank, N.A. v Ciafone


2020 NY Slip Op 06580


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-03140
2017-03141
2018-00312
 (Index No. 6143/14)

[*1]Wells Fargo Bank, National Association, etc., appellant,
v
John Ciafone, respondent, et al., defendants.


Adam Leitman Bailey, P.C., New York, NY (Jeffrey R. Metz, Adam M. Swanson, and Jessie D. Bonaros of counsel), for appellant.
Michael Kennedy Karlson, New York, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), dated October 17, 2016, (2) an order of the same court dated January 24, 2017, and (3) an order of the same court dated October 16, 2017. The order dated October 17, 2016, made after a hearing to determine the validity of service of process upon the defendant John Ciafone, denied the plaintiff's motion for an order of reference and granted that defendant's cross motion, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him. The order dated January 24, 2017, denied the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon that defendant. The order dated October 16, 2017, denied the plaintiff's motion pursuant to CPLR 5015(a)(3) to vacate the order dated October 17, 2016.
ORDERED that the appeals from the orders dated October 17, 2016, and October 16, 2017, are dismissed as academic in light of our determination on the appeal from the order dated January 24, 2017; and it is further,
ORDERED that the order dated January 24, 2017, is reversed, on the law and in the exercise of discretion, the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant John Ciafone is granted, and the order dated October 17, 2016, is vacated; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On or about April 9, 2014, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant John Ciafone (hereinafter the defendant). On May 12, 2014, the defendant allegedly was served with the summons and complaint pursuant to CPLR 308(1). However, he failed to interpose an answer or otherwise appear in the action.
In February 2016, the plaintiff, upon the defendant's default, moved for an order of reference. In May 2016, the defendant opposed the motion and cross-moved, inter alia, pursuant to [*2]CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him on the ground of lack of personal jurisdiction. The Supreme Court directed that a hearing be conducted to determine whether the defendant was properly served with the summons and complaint. In August 2016, prior to the hearing date, the plaintiff moved pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant. By order dated October 17, 2016, following the hearing, the court denied the plaintiff's motion for an order of reference and granted the defendant's cross motion, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him. By order dated January 24, 2017, the court denied the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant. The plaintiff subsequently moved pursuant to CPLR 5015(a)(3) to vacate the October 17, 2016 order. By order dated October 16, 2017, the court denied that motion. The plaintiff appeals.
Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in denying the plaintiff's motion pursuant to CPLR 306-b for leave to extend the time to serve the summons and complaint upon the defendant. Pursuant to CPLR 306-b, a court may, in the exercise of discretion, grant a motion for an extension of time within which to effect service of the summons and complaint for good cause shown or in the interest of justice (see State of New York Mtge. Agency v Braun, 182 AD3d 63, 66, citing Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104-105, and Bumpus v New York City Tr. Auth., 66 AD3d 26, 31). "'Good cause' and 'interest of justice' are two separate and independent statutory standards" (Bumpus v New York City Tr. Auth., 66 AD3d at 31). "To establish good cause, a plaintiff must demonstrate reasonable diligence in attempting service" (id.). If good cause for an extension is not established, the court must consider the broader interest of justice standard of CPLR 306-b (see State of New York Mtge. Agency v Braun, 182 AD3d at 66, citing Bumpus v New York City Tr. Auth., 66 AD3d at 32). "In considering the interest of justice standard, 'the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statutes of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant'" (State of New York Mtge. Agency v Braun, 182 AD3d at 66-67, quoting Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106).
Although the plaintiff failed to establish good cause for an extension of time to serve the defendant under CPLR 306-b, it established that an extension of time to serve the defendant was warranted in the interest of justice. The plaintiff established, among other things, that it has a potentially meritorious cause of action, that it promptly moved for an extension of time to serve the summons and complaint after the defendant challenged service on the ground that it was defective, and that there was no demonstrable prejudice to the defendant as a consequence of the delay in service (see State of New York Mtge. Agency v Braun, 182 AD3d at 67; BAC Home Loans Servicing, L.P. v Herbst, 180 AD3d 980, 981-982; JPMorgan Chase Bank, N.A. v Kothary, 178 AD3d 791, 793; US Bank N.A. v Saintus, 153 AD3d 1380, 1381).
Accordingly, the Supreme Court should have granted the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant.
The plaintiff's remaining contentions are academic in light of our determination.
DILLON, J.P., MALTESE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court