Deutsche Bank Trust Co. Ams. v Lottihall (2023 NY Slip Op 02999)

Deutsche Bank Trust Co. Ams. v Lottihall

2023 NY Slip Op 02999

Decided on June 7, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 7, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2020-02967
2020-02975
 (Index No. 8567/07)

[*1]Deutsche Bank Trust Company Americas, etc., appellant, 
v
Nadine Lottihall, et al., defendants, Benjamin Cruz, respondent.

McCalla Raymer Leibert Pierce, LLC, New York, NY (Daniel S. LoPresti of counsel), for appellant.
Anderson, Bowman & Zalewski, PLLC, Kew Gardens, NY (Matthew J. Routh of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered December 19, 2018, and (2) an amended order of the same court entered January 23, 2020. The order entered December 19, 2018, and the amended order entered January 23, 2020, insofar as appealed from, denied the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve the defendant Benjamin Cruz with the summons and complaint.
ORDERED that the appeal from the order entered December 19, 2018, is dismissed, as that order was superseded by the amended order entered January 23, 2020; and it is further,
ORDERED that the amended order entered January 23, 2020, is reversed insofar as appealed from, on the facts and in the exercise of discretion, and the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve the defendant Benjamin Cruz with the summons and complaint is granted; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On April 3, 2007, the plaintiff commenced this action against the defendants Nadine Lottihall and Benjamin Cruz, among others, to foreclose a mortgage executed by Lottihall and Cruz in 2005 on certain real property located in Richmond Hill (hereinafter the mortgaged property). The summons and complaint were purportedly served upon Cruz in April 2007 at an address on Pennsylvania Avenue in Brooklyn by affixing the documents to the door and thereafter mailing them to the same address. In an order dated June 27, 2007, the Supreme Court granted the plaintiff's unopposed motion, inter alia, for an order of reference.
In August 2007, Cruz and Lottihall filed a bankruptcy petition in federal court. In the petition, Cruz inicated that his street address and mailing address were the mortgaged property, and in a statement filed with the petition, Cruz stated that his "house [was] being sold in the court steps [*2]leaving [him and his] family homeless." The bankruptcy proceeding was dismissed in or around December 2007.
Thereafter, in an order and judgment of foreclosure and sale dated January 10, 2008, the Supreme Court granted the plaintiff's unopposed motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the mortgaged property. In an order dated December 10, 2008, the court granted the plaintiff's unopposed motion to vacate the order and judgment of foreclosure and sale, citing the need for compliance with the Soldiers' and Sailors' Relief Act. The action was later referred to the foreclosure settlement conference part and released from that part in August 2010.
In October 2016, the plaintiff moved, inter alia, to vacate the order dated June 27, 2007, and for a new order of reference. In February 2017, Cruz moved to dismiss the complaint insofar as asserted against him and to cancel the notice of pendency, or, in the alternative, to vacate his default in appearing or answering the complaint and for leave to serve a late answer, arguing that he was not properly served with the summons and complaint, as he was living in Georgia when service was purportedly made upon him in New York. The plaintiff opposed Cruz's motion. In April 2017, the plaintiff moved pursuant to CPLR 306-b to extend the time to serve Cruz with the summons and complaint, in the event it was determined that service on Cruz was not proper.
In an order entered December 19, 2018, and an amended order entered January 23, 2020, the Supreme Court directed a hearing to determine the validity of service of process on Cruz, held in abeyance the plaintiff's motion, inter alia, to vacate the order dated June 27, 2007, and for a new order of reference, and Cruz's motion, among other things, to dismiss the complaint insofar as asserted against him pending the hearing, and denied the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve Cruz with the summons and complaint. The plaintiff appeals from so much of the order entered December 19, 2018, and the amended order entered January 23, 2020, as denied its motion pursuant to CPLR 306-b to extend the time to serve Cruz with the summons and complaint.
CPLR 306-b provides, in pertinent part, that "[s]ervice of the summons and complaint . . . shall be made within one hundred twenty days after the commencement of the action . . . . If service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service."
"The interest of justice standard requires a careful judicial analysis of the factual setting of the case and a balancing of the competing interests presented by the parties. Unlike an extension request premised on good cause, a plaintiff need not establish reasonably diligent efforts at service as a threshold matter. However, the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-106). CPLR 306-b "empowers a court faced with the dismissal of a viable claim to consider any factor relevant to the exercise of its discretion. No one factor is determinative—the calculus of the court's decision is dependent on the competing interests of the litigants and a clearly expressed desire by the Legislature that the interests of justice be served" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 106).
Here, the Supreme Court improvidently exercised its discretion in denying the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve Cruz with the summons and complaint in the interest of justice, considering, inter alia, the expiration of the statute of limitations, the meritorious nature of the plaintiff's cause of action, the plaintiff's prompt request for the extension, and the lack of demonstrable prejudice to Cruz (see U.S. Bank N.A. v Viera, 187 AD3d 818, 819-820; State of New York Mtge. Agency v Braun, 182 AD3d 63, 66-67; BAC Home Loans Servicing, L.P. v Herbst, 180 AD3d 980). Accordingly, the court should have granted the plaintiff's motion to extend the time to serve Cruz.
DILLON, J.P., CHAMBERS, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court