■ TAMIKA N. FRANK, Appellant, v LUZ M. GARCIA et al., Respondents. [923 NYS2d 529]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered April 23, 2010, which denied plaintiff's motion for a default judgment as against defendant Luz M. Garcia and for an extension of time to serve defendant Angela A. Beras, and dismissed the complaint as abandoned, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the complaint reinstated, the motion granted as against Garcia and Beras, the latter to be served within 120 days of the date of this decision and order.

Plaintiff's motion for a default judgment against Garcia was erroneously denied since plaintiff moved for the entry of judgment within one year after Garcia's default, thereby rendering CPLR 3215 (c) inapplicable. The record shows that Garcia was served with the summons and complaint by delivery to a person of suitable age and discretion followed by proper mailing on December 24, 2008, and proof of service was filed on December 29, 2008. Thus, Garcia had until January 28, 2009 to answer the complaint (*see* CPLR 308 [2]; 3012 [c]). Plaintiff moved for a default judgment against Garcia by notice of motion dated January 22, 2010.

The court improvidently exercised its discretion in denying plaintiff's motion for an extension of time to serve defendant Beras pursuant to CPLR 306-b. Plaintiff made a showing of due diligence, establishing good cause for her motion to extend the time to serve Beras, as well as a showing that the extension was

warranted in the interest of justice (*see generally Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95 [2001]). Plaintiff's papers outline the reasonable steps taken to locate Beras, including her attempts to serve Beras within the 120 days after the action was filed, and demonstrate that failure to timely serve process was the result of circumstances beyond plaintiff's control, namely, the inability to locate Beras. Although her motion was not filed until almost one year after the date of her process server's affidavit, the expiration of the statute of limitations, the meritorious nature of the cause of action, and the lack of any potential prejudice to defendant warrant an extension of time for plaintiff to serve Beras (*see de Vries v Metropolitan Tr. Auth.*, 11 AD3d 312 [2004]). Concur—Gonzalez, P.J., Mazzarelli, Richter, Manzanet-Daniels and Román, JJ.