■ LEON O. WOODS, Respondent, v M.B.D. COMMUNITY HOUSING CORPORATION et al., Appellants. [933 NYS2d 669]—

At the traverse hearing, plaintiff failed to satisfy his burden of establishing proper service by a preponderance of the evidence (*see Chaudry Constr. Corp. v James G. Kalpakis & Assoc.*, 60 AD3d 544 [2009]; *Elm Mgt. Corp. v Sprung*, 33 AD3d 753, 754-755 [2006]; *Continental Hosts v Levine*, 170 AD2d 430 [1991]). The process server did not produce his log book, and neither his affidavits of service nor his testimony established a sufficient basis for his belief that the person he allegedly served was authorized to accept service on behalf of the corporate defendants. Further, defendants' current property manager, who was an assistant manager at the time of the purported service, testified that the address listed on the affidavit of service was not defendants' actual place of business, that defendants had no relation to the incorrect address, and that the person allegedly served was never defendants' employee and was not an individual authorized to accept service.

Plaintiff's cross motion for an extension of time to serve the summons and complaint pursuant to CPLR 306-b should be

granted in the interest of justice (*see Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105-106 [2001]; *Wishni v Taylor*, 75 AD3d 747, 749 [2010]; *Earle v Valente*, 302 AD2d 353, 354 [2003]). To meet the "interest of justice" standard, the court must make "a careful judicial analysis of the factual setting of the case and a balancing of the competing interests," including the "expiration of the [s]tatute of [l]imitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (*Leader* at 105-106). While this action was timely commenced by proper filing, plaintiff's claim would be extinguished without an extension since the statute of limitations has expired. Merit is demonstrated via plaintiff's December 2006 deposition testimony that he was injured by a broken window, caused by the faulty roof of defendants' building. Prejudice to defendants is mitigated by the facts that they or their insurers had been on notice of the underlying incident for more than two years preceding the action's commencement, counsel had engaged in preliminary settlement negotiations during that period, and plaintiff provided copies of his relevant medical records and photographs of the accident area in 2006 (*see Frank v Garcia*, 84 AD3d 654, 655 [2011]; *DiBuono v Abbey, LLC*, 71 AD3d 720 [2010]). Concur—Tom, J.P., Andrias, Acosta, Freedman and Richter, JJ.