Order, Supreme Court, Bronx County (Maryann BriganttiHughes, J.), entered February 27, 2013, which denied defendant’s motion to dismiss the complaint pursuant to CPLR 3211 (a) (8) based on improper service, and granted plaintiffs cross motion for an extension of time to re-serve defendant pursuant to CPLR 306-b, unanimously affirmed, without costs.
The court properly denied defendant’s motion to dismiss the complaint, and granted plaintiff an extension of time to serve the summons and complaint for good cause shown and in the interests of justice (see CPLR 306-b). Plaintiff demonstrated good cause since service was made within two weeks of the filing of the action, at the address and apartment for defendant listed on the police accident report and shown in a database search run by plaintiffs process server (see Matter of Board of Mgrs. of Copley Ct. Condominium v Town of Ossining, 19 NY3d 869, 871 [2012]; Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104-107 [2001]).
In any event, plaintiff demonstrated that the interests of justice warranted the relief (see Nicodene v Byblos Rest., Inc., 98 AD3d 445, 446 [1st Dept 2012]). Defendant’s carrier was notified of the action within days of its filing, and correspondence provided by plaintiff demonstrated that an exchange of documents and settlement negotiations were ongoing prior to the filing of the complaint. No prejudice to defendant was shown since plaintiff’s cross motion for the extension of time to serve defendant was made approximately four months after the 120-day period had expired. Moreover, the police accident report supported plaintiff’s assertion that the action is potentially meritorious. Concur — Tom, J.E, Friedman, Saxe, Richter and Clark, JJ.