VIRGINIA CRUZ-GUZMAN, Appellant, v 2380-2386 GRAND AVE, LLC, Respondent, et al., Defendant. [26 NYS3d 856]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered on or about September 8, 2014, which, in an action

for personal injuries, granted the motion of defendant 2380-2386 Grand Ave., LLC to dismiss the complaint pursuant to CPLR 3211 (a) (8), and denied plaintiff's cross motion for leave to extend her time to serve a summons and complaint upon said defendant pursuant to CPLR 306-b, unanimously reversed, on the law, without costs, defendant's motion denied, and plaintiff's cross motion granted to the extent of ordering a traverse hearing.

A traverse hearing is warranted in light of the parties' conflicting affidavits as to whether the individual served with the summons and complaint pursuant to CPLR 311-a was authorized to accept service on behalf of defendant limited liability company (*see Dunn v Pallett*, 42 AD3d 807, 808-809 [3d Dept 2007]).

Plaintiff's submissions fail to establish a basis to grant her an extension of time to re-serve defendant under CPLR 306-b. The record demonstrates that plaintiff has not diligently prosecuted her negligence claim, the statute of limitations has expired, the merits of plaintiff's claim are not established, and her injury allegations are vague (*see e.g. Johnson v Concourse Vil., Inc.*, 69 AD3d 410, 411 [1st Dept 2010], *lv denied* 15 NY3d 707 [2010]; *compare Frank v Garcia*, 84 AD3d 654 [1st Dept 2011]). Concur—Tom, J.P., Friedman, Saxe and Richter, JJ.