Wimbledon Fin. Master Fund, Ltd. v Laslop (2019 NY Slip Op 01311)





Wimbledon Fin. Master Fund, Ltd. v Laslop


2019 NY Slip Op 01311


Decided on February 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2019

Renwick, J.P., Tom, Singh, Moulton, JJ.


8460 653468/15

[*1]Wimbledon Financing Master Fund, Ltd., Plaintiff-Respondent,
v
Keith Laslop, Defendant-Appellant, Weston Capital Management LLC, et al., Defendants.


Kudman Trachten Aloe LLP, New York (Paul H. Aloe of counsel), for appellant.
Kaplan Rice LLP, New York (Daniel D. Edelman of counsel), for respondent.



Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered September 15, 2017, which, to the extent appealed from, granted plaintiff an extension of time to serve defendant Keith Laslop in the interest of justice and deemed him served by e-filing as of the date of entry of the court's decision in the NYSCEF e-filing system, unanimously affirmed, with costs.
The court did not abuse its discretion in granting plaintiff an extension of time to serve appellant with process in the interest of justice (CPLR 306-b). Plaintiff established the existence of several relevant factors weighing in favor of an extension (Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104-105 [2001]).
The claims asserted against Laslop seem to be potentially meritorious (Solano v Mendez, 114 AD3d 614 [1st Dept 2014]). Indeed, this Court has previously recognized the potential merits of the fraud allegations in the amended complaint against other Gerova directors involved in the alleged fraudulent scheme (Wimbledon Fin. Master Fund, Ltd. v Weston Capital Mgt. LLC, 160 AD3d 596, 597 [1st Dept 2018]; Wimbledon Fin. Master Fund, Ltd. v Weston Capital Mgt. LLC, 150 AD3d 427 [1st Dept 2017]).
Laslop has not established that he would suffer prejudice from the extension, since he has had actual notice of this action and the allegations against him from early on (Deutsche Bank, AG v Vik, 149 AD3d 600 [1st Dept 2017]). He hired counsel in Canada and the US to challenge service and oppose plaintiff's motion for a default judgment, and his counsel also represents other officers and directors of Gerova. Conversely, plaintiff, which diligently attempted service on Laslop multiple times within the statutory period, would suffer prejudice without an interest of justice extension, because the statute of limitations has expired (Hernandez v Abdul-Salaam, 93 AD3d 522 [1st Dept 2012]; Woods v M.B.D. Community Hous. Corp., 90 AD3d 430, 431 [1st Dept 2011]).
Under the circumstances, the motion court was not precluded from granting plaintiff's application for this second CPLR 306-b extension asserted in its brief in opposition to Laslop's cross motion to dismiss the amended complaint for nonservice, rather than in a formal notice of cross motion. To conclude otherwise would limit the court's discretion in granting relief in the interest of justice (see Fried v Jacob Holding, Inc., 110 AD3d 56, 65 [2d Dept 2013]).
Alternative service on Laslop by the Court System's NYSCEF e-filing system was appropriate. Plaintiff established that statutory methods of service were impracticable (CPLR 308[5]). Moreover, since Laslop's counsel received notices of filings in this action through NYSCEF, service by that alternative method comported with due process by being reasonably calculated to apprise Laslop of the pendency of the action (Matter of Harner v County of Tioga, 5 NY3d 136, 140 [2005]; see Kozel v Kozel, 161 AD3d 700 [1st Dept 2018], lv dismissed 32 NY3d [*2]1089 [2018][service by email]; Alfred E. Mann Living Trust v ETIRC Aviation S.A.R.L., 78 AD3d 137, 141-142 [1st Dept 2010] [service by email]; Baidoo v Blood-Dzraku, 48 Misc 3d 309 [Sup Ct, NY County 2015] [service by Facebook]).
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 21, 2019
CLERK