Cruz-Guzman v 2380-2386 Grand Ave., LLC (2021 NY Slip Op 00006)





Cruz-Guzman v 2380-2386 Grand Ave., LLC


2021 NY Slip Op 00006


Decided on January 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 05, 2021

Before: Webber, J.P., Singh, Kennedy, Shulman, JJ. 


Index No. 24485/13E Appeal No. 12771 Case No. 2020-00089 

[*1]Virginia Cruz-Guzman, Plaintiff-Appellant,
v
2380-2386 Grand Ave., LLC, Defendant-Respondent, Prana Holding Company, LLC, Defendant.


Goldstein & Handwerker, LLP, New York (Jason Levine of counsel), for appellant.



Order, Supreme Court, Bronx County (Ruben Franco, J.), entered December 17, 2019, which denied plaintiff's motion to vacate a prior order, same court and Justice, entered November 8, 2018 order, dismissing the complaint, unanimously affirmed, without costs.
In order to vacate a default judgment under CPLR 5015(a)(1) a party must demonstrate both a reasonable excuse for the default and a meritorious cause of action (see On Assignment v Medasorb Tech., LLC, 50 AD3d 342, 342 [1st Dept 2008]). Here, the court providently exercised its discretion in denying plaintiff's motion to vacate. Plaintiff failed to present a reasonable excuse for the process server's failure to appear at the traverse hearing, including providing any details or documentation to support her claim that the process server had an unexpected medical appointment on the date of the hearing (see e.g. Matter of Giselle H.G. [Vanessa G.], 176 AD3d 510 [1st Dept 2019], lv dismissed 34 NY3d 1174 [2020]; Burro Happold Consulting Engrs., P.C. v RMJM, 107 AD3d 602 [1st Dept 2013]). Plaintiff further failed to demonstrate a meritorious cause of action (see Cruz-Guzman v 2380-2386 Grand Ave, LLC, 137 AD3d 639, 640 [1st Dept 2016]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 5, 2021