600 W. 218th St. Assoc. LLC v Proano (2024 NY Slip Op 24228)

[*1]

600 W. 218th St. Assoc. LLC v Proano

2024 NY Slip Op 24228

Decided on July 23, 2024

Civil Court Of The City Of New York, New York County

Ortiz, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on July 23, 2024
Civil Court of the City of New York, New York County

600 West 218th Street Associates LLC, Petitioner, Landlord,

against
Guido A. Proano, Respondent(s)-Tenant(s), Octavia Melian, John Doe and Jane Doe, Respondent(s)-Undertenant(s).

Index No. L&T 318615/23-NY

Petitioner was represented by Lester Figueroa, Esq. of Borah Goldstein et. al at 377 Broadway, 7th floor; New York, NY 10013; (212) 431-1300, and Respondents were represented by Octavia Melian, Esq., P.O. Box 313, New York, NY 10034; (646) 226-9777 and co-counsel for Respondents was Howard Chun, Esq. of Kaplan and Chun, P.C., 610 East 5th Street, 1st floor, New York, NY 10009; (212) 777-0320

Frances A. Ortiz, J.

This is a holdover proceeding of an unregulated apartment based on expiration of lease. This Court held a traverse hearing on March 14, 2024, May 10, 2024, and May 24, 2024 on the issue of the service of the notice of the petition and petition, pursuant to a Decision/Order of Judge Vanessa Fang dated February 14, 2024. (NYSCEF Doc. 40). According to Judge Fang's decision, Respondent-Undertenant—Octavia Melian—disputes that service of process was completed on September 28, 2023 and asserts that she was home on September 28, 2023, when the process server allegedly served the notice of petition and petition on a Jane Doe who refused to provide her name. As such, Judge Fang set the matter down for a traverse hearing on the service of the notice of petition and petition.
Specifically, the affidavit of service of the notice of petition and petition indicates the license processor server, Matthew C. Marcano ("Mr. Marcano"), attempted service at the subject premises, 600 West 218th Street, Apt 4K, New York NY 10034, on September 27, 2023 at 6:03 p.m. and on September 28, 2023 at 9:05 a.m. and effectuated service on the second attempt by substituted service on a Jane Doe—who refused to provide her name. The description of Jane Doe was female, light brown skin, hair color covered, age 51 to 65, height 5'4 to 5'8, and weight [*2]131 to 160 pounds.
THE HEARING
After careful consideration of the testimony and evidence presented, the court denies traverse for the reasons discussed below.

 EVIDENCE
Several documents were admitted into evidence by Petitioner which include: P1—the Global Positioning System ("GPS") of Mr. Marcano's location on the first attempt to serve the notice of petition and petition on September 27, 2023; P2—GPS Records Certification from Computer Media Solutions; P3—Mr. Marcano's logbook sheets [FN1]
for September 27 and 28, 2023; P4—receipts from the United States Postal Service ("USPS") certified mailings to the Respondents dated September 28, 2023; P5—Affidavit of Service for the Notice of Petition and Petition ; P7—the process server license for Matthew Marcano issued by the New York City Department of Consumer and Worker Protection; and lastly the court took judicial notice of NY Gen. Bus. Law § 89-cc (2).
Additionally, the following documents were admitted in evidence on behalf of Respondents: Respondent's A—New York State/ Department of State, Division of Licensing Services for Jeffrey McAvoy as a licensed private investigator of JM Investigations, Respondent's B—GPS/Google Maps of stops made by Mr. Marcano on September 27, 2023; Respondent's D—Judicial Notice of Google Maps at 3:42 p.m. on Friday, May 24, 2024 [FN2]
 travel time from 575 West 175th Street, New York, NY to 600 West 218th Street, New York. NY ranging from either 20 minutes to 16 minutes, depending on the route taken; Respondent's E—Summary Notes of JM LLC Investigations showing that Mr. Marcano on September 27 and 28, 2023 performed substituted service on at least nine Jane Doe's, during his routes of service at different locations.

TESTIMONY
Petitioner called one witness, the process server, Matthew Marcano. On direct examination Mr. Marcano credibly testified that he is a licensed process server; that on September 27, 2023 he arrived at the subject premises at 6:03 p.m.; that he traveled by vehicle, that he parked his car; that he walked down toward the stairs; that there was an intercom to the left; that he rang the apartment door buzzer but someone who was exiting the building opened the entrance door; that the building's lobby signage has a sign for apartments A-K toward the left and L-Z toward the right; that he went to the elevator and rode it to the fourth floor; that he walked toward apartment 4K; that he listened for any noises; that he rang the doorbell again; that he then left the building; then once he left the building he entered the building description and placed the information on his GPS device including description of a green door, color of floor tiles and walls. Thereafter, Mr. Marcano testified that on September 28, 2023 he returned to the [*3]subject premises at around 9:05 a.m.; that someone entered the building ahead of him using the intercom so he headed toward the fourth floor; that once at the fourth floor and outside the door of the subject premises he heard ruffling on the other side of the door; that a female opened the door but refused to provide her name; that he entered in his logbook the description of the female he handed the notice of petition and petition to—who was 51-65 years old, measured 5'4-5'8 in height and weighed 131-160 pounds; that he described the green tiles and door of the premises; that he completed the four mailings of the papers which included four certificates of mailing, four return receipts and four first class mailings; that the time of his arrival on the GPS tracker was the arrival at the building; that he starts his GPS device once he walks into the lobby of the building because service commonly wipes out the connection sometimes in the elevator; that the "Start" button provides his location for the purpose of coordinates to show he was at the building; and that if he were to serve papers in another apartment in the building, he would press the "Restart" button.
On cross examination and direct testimony of Respondent's case, Mr. Marcano testified that on September 27, 2023 he arrived at the subject building at 6:03 p.m.; that he went into the building; that before he got out of his car he pressed the GPS apparatus device; that the GPS device is like a phone and it has an application ("app") on it; that he thinks he pressed the button with the coordinates on the GPS device before he entered the building, then he pressed the button on the app; that he opened the app; that when he presses "start" it gives the time and the coordinates; that then he pressed "start" and then he pressed saved after he was done with his attempted service; that he usually presses save after he leaves the building or the apartment door, if serving more than one apartment in the same building, he presses restart; that he inputs the color of the door before he knocks on the door; that he usually waits two or three times when knocking and knocks 20 to 30 seconds in between each knock; that there's at least two knocks and then he waits and then he knocks, then he knocks again, and then he waits then another 30 to 40 seconds, unless he hears movement; that on the day of this attempted service he heard nothing; that he then saved the information and exited the building; that he did not serve other papers on September 27, 2023 from 4:18 p.m. to 6:03 p.m.; that sometimes he uses a GPS to guide him to places but he was not sure if he used Google Maps for service at the subject papers; that he does not know how long it took him from pressing the "start" button to the apartment door nor does he recall how many times he knocked; that he heard someone come to the door on September 28, 2023; that he did not tell the person he was a process server; that he did not ask for the person's name who answered the door but he said he had papers for respondents; that he put his hand out to give the papers; that he gave the papers and then he asked for the person's name; that she refused to provide her name; that he did not know if this person was one of the respondents; that he did not take pictures of the events that took place; that after the door closed he entered the information while still in front of the apartment door; that this was his first service of the day on September 28, 2023; that he has been a processor server for seven years; that he has always used the GPS tracking device; that the time on the affidavit of service is not the time he knocked on the door; that at 6:03 p.m. on September 27, 2023 he pressed the start button in front of the building but thinks the time in front of the door was maybe two minutes; that on September 28, 2023 he was actually at 9:05 a.m. in front of the building; that he takes photographs of conspicuous place service only but does not take photographs of substituted service.
On re-direct Mr. Marcano testified that the description of the Jane Doe served on [*4]September 28, 2023 is consistent with the description of Respondent—Octavia Melian. Mr. Marcano confirmed this when Petitioner's counsel in open court asked Ms. Melian to stand up.
Respondents called Jeffrey McAvoy as a witness. He testified that since 2011 he is a private investigator who opened his own business in 2018; that he reviewed the affidavits of service for the notice of petition and petition for this matter; that he has served legal papers in other matters; that he is licensed private investigator since 2011; that before that he was a New York City Police Department ("NYPD") police officer and then detective for a total of 25 years; that he was promoted to second grade detective in the ranks; that he was in the narcotics unit, the gang unit, the robbery squad, the grand larceny squad, and civilian plain clothes squad; that as a licensed private investigator he performs criminal investigations, accident investigations, landlord tenant investigations including illegal sublets and non primary residency cases; that for this case he read the documents and the process server's logbook; that he googled the address and created a report on how long it would take to get to the subject premises from the prior locations; he explained longitude and latitude coordinates; he explained that the latitude and longitude coordinates of the process server's service in his logbook mirrored the coordinates being at a parking lot across the street from the subject premises; that he disputes that service was done on the respondents based on his review; and that the process server upon review of his services on September 27th and September 28th showed a pattern of substituted service generally on woman 5'4 to 5'8 and 130 to 160 pounds. Thereafter, the court deemed Mr. McAvoy an expert in private investigations.

DISCUSSION
Service of a notice of a petition and petition is made in accordance with RPAPL § 735.
According to RPAPL § 735,
Service of the notice of petition and petition shall be made by personally delivering them to the respondent; or by delivering to and leaving personally with a person of suitable age and discretion who resides or is employed at the property sought to be recovered, a copy of the notice of petition and petition, if upon reasonable application admittance can be obtained and such person found who will receive it; or if admittance cannot be obtained and such person found, by affixing a copy of the notice and petition upon a conspicuous part of the property sought to be recovered or placing a copy under the entrance door of such premises; and in addition, within one day after such delivering to such suitable person or such affixing or placement, by mailing to the respondent both by registered or certified mail and by regular first class mail.
Specifically, when effectuating service on a person of suitable age and discretion who resides or is employed at the property sought to be recovered pursuant to RPAPL§ 735, there must be a showing that the process server attempted to personally serve the tenant. Service attempts must be during reasonable business hours and the other during non-business hours, usually on two separate days and at least one attempt during a time when a working person would reasonably be expected to be at home. Eight Assocs. v. Hynes, 102 AD2d 746, 748 (1st Dep't 1984), aff'd, 65 NY2d 739, (1985); 322 West 47th Street HDFC v. Loo, 153 AD3d 1143 (1st Dep't 2017), leave to appeal dismissed, 30 NY3d 1084 (2018). Moreover, Petitioner must prove by a preponderance of the evidence that the process server attempted personal service. Woods v. M.B.D. Community Housing Corp., 90 AD3d 430 (1st Dep't 2011); Chaudry Const. Corp. v. James G. Kalpakis & Assocs., 60 AD3d 544 (1st Dep't 2009).
Here, during the first attempt Mr. Marcano did not locate anyone at the premises which [*5]was an attempt during non-working hours. On the second attempt which was during working hours he served a Jane Doe by handing her the papers and then he asked for her name. However, she refused to provide her name. As such, he did not know if this person was one of the respondents.
Courts give great weight to the credibility of a process server at traverse hearings. SBS Owners Inc. v. Kelly, 19 Misc 3d 141(A) (AT 1st Dep't 2008); Fifty-Seven Assocs., LP v. Feinman, 28 Misc 3d 131(A) (AT 1st Dep't 2010 ). If a licensed process server in New York City testifies as to service of legal papers in a traverse hearing, he/she must bring to court all records relating to the matter including his/her license. 22 NYCRR § 208.29. The failure to do so may result in the traverse being sustained and the petition dismissed. Further, NY Gen. Bus. Law § 89-cc(2)(a-c) states that the record a process server maintains shall include the title of the action, the name of the person served, if known, and the date and approximate time service was effected. Also, New York City Department of Consumer and Worker Protection regulations require that process servers maintain GPS records. 6 R.C.NY § 2-233b(a). Process servers must always carry a device to establish electronically the details of their service and attempted service. The purpose of these regulations is to deter process servers from filing affidavits which assert false claims and to make it easier for those reviewing such affidavits to detect such falsehoods. Parkash v. Almonte, 41 Misc 3d 267, 275 (Civ. Ct. Bronx Cty 2013). The regulations also require that the GPS records must be maintained by an independent third party, and not by the process server. 6 R.C.NY § 2-233b(a)(3).
Here, petitioner was able to prove by a preponderance of the evidence that Respondents were served by substituted service on a Jane Doe. Mr. Marcano's affidavit, logbook, and GPS records in evidence all show that he was at the subject premises on September 27, 2023 at 6:03 p.m. and on September 28, 2023 at 9:05 a.m. and effectuated service on the second attempt by substituted service on a Jane Doe.
Further, Mr. Marcano gave credible, detailed testimony as to how he gained access to the building, on both attempts, how he attempted service on the Jane Doe on September 28, 2023 and his prior attempt at service on September 27, 2023.
On the other hand, Respondent—Octavia Melian—who is a licensed attorney in the State of New York—represented herself and appeared as counsel for co-Respondent, Guido Proano. She did not testify at the hearing, despite her disputing service in the supporting papers of the motion to dismiss. Upon information and belief, Ms. Melian did not testify as a witness because she believed it would disqualify her as counsel for Mr. Proano. Accordingly, she hired co-counsel Howard Chun to represent her and Mr. Proano at the traverse hearing.
This court has also considered Respondents arguments that the time of service of the notice of petition and petition should reflect the exact time the notice of petition and petition was served. However, according to NY Gen. Bus. Law § 89-cc, the approximate time of service that was effected is sufficient. Mr. Marcano credibly testified that it's his pattern to turn on his GPS outside of the building because connections are routinely lost while on elevators. As such, the time of service may be a few minutes off from walking to the lobby, waiting for the elevator and riding it to the selected floor of the subject premises. This pattern satisfies the approximate time of service requirement of NY Gen. Bus. Law § 89-cc(2)(c). The short period of time between Mr. Marcano pressing the GPS device application—to avoid loss of a connection before he entered the building and serving Jane Doe with the notice of petition and petition at the door of the subject premises - does not distort the time of service which can be an approximation. [*6]Manhattan Realty Co. 1, LP v. Goldman, 61 Misc 3d 1205(A), 110 N.Y.S.3d 792 (NY Cty, Civ. Ct. 2018).
Accordingly, the court overrules/denies traverse. This matter is restored to the Part C calendar, on September 3, 2024 at 9:30 a.m. for all purposes.
The parties are directed to pick up their exhibits within thirty days or they will either be sent to the parties or destroyed at the Court's discretion in compliance with DRP-185.
This is the decision and order of the Court, copies of which are being uploaded to NYSCEF.
Dated: July 23, 2024
New York, NY
Frances A. Ortiz, J.H.C.

Footnotes

Footnote 1:The details of the log book sheets include title of case, whether delivery was made, nature of papers served, index number, type of service (personal, conspicuous or substituted), address of place served, name of the person served, date and time of service and the latitude and longitude coordinates of the location. 

Footnote 2:This was done for illustration purposes on May 24, 2024 during the hearing but does not reflect traffic travel times on the actual date of service on September 27, 2023.