| |
|---|
| **M.N. v Presbyterian Church (USA)** |
| 2025 NY Slip Op 30431(U) |
| January 31, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 950467/2021 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**    **HON. HASA A. KINGO**

*Justice*

PART    **5M**

-------------------------------------------------------------------------X

M. N.,

Plaintiff,

- v -

PRESBYTERIAN CHURCH (USA), SYNOD OF
NORTHEAST OF THE PRESBYTERIAN CHURCH,
PRESBYTERY OF NEW YORK CITY, CHURCH OF THE
MASTER, YOUNG LIFE, YOUNG LIFE NEW YORK CITY,
DOES 1-10

Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 950467/2021 |
| **MOTION DATE** | 04/29/2024 |
| **MOTION SEQ. NO.** | 006 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 006) 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130

were read on this motion to/for    DISMISS    .

Defendant, Presbytery of New York City ("Defendant"), moves to dismiss Plaintiff M.N.'s ("Plaintiff") complaint pursuant to CPLR §§ 3211(a)(5) and (7), arguing that Plaintiff's claims are time-barred, fail to state a cause of action, and that an extension of time for service under CPLR § 306-b is unwarranted. Plaintiff opposes the motion, arguing that the Child Victims Act ("CVA") provides a legislative mechanism for addressing decades-old claims of child sexual abuse and that Defendant's motion improperly seeks to evade liability based on procedural technicalities rather than substantive adjudication on the merits.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff commenced this action on July 4, 2021, pursuant to CPLR § 214-g, alleging that between 1967 and 1970, he was sexually abused by Leroy Oatis, a basketball coach affiliated with Defendants. The abuse allegedly occurred within the context of Plaintiff's participation in a basketball league sponsored by Defendants. Plaintiff asserts claims of negligent hiring, supervision, and retention, alleging that Defendants knew or should have known of Oatis' predatory conduct but failed to act.

Following the expiration of the statutory revival window under the CVA on August 14, 2021, Plaintiff encountered difficulties effecting service. Service was purportedly completed on January 17, 2024, prompting Defendant to move for dismissal, asserting that the delay in service warranted dismissal under CPLR § 306-b and that the action was untimely under CPLR § 3211(a)(5). Defendant further contends that Plaintiff fails to sufficiently plead a cause of action for negligence under CPLR § 3211(a)(7).

**950467/2021   N., M. vs. PRESBYTERIAN CHURCH (USA)**
**Motion No.  006**

**Page 1 of 4**

1 of 4

## ARGUMENTS

Defendant argues that Plaintiff's failure to timely serve within the statutory 120-day period after filing the complaint, coupled with an extended delay of more than two years, precludes relief under CPLR § 306-b. Defendant relies on *Estate of Jervis v Teachers Ins. & Annuity Assn.*, 279 AD2d 367 (1st Dept 2001), and *Cruz-Guzman v. 2380-2386 Grand Ave, LLC*, 137 AD3d 639 (1st Dept 2016), for the proposition that where a plaintiff has not diligently prosecuted their claim, a court should not extend time for service in the interest of justice. Defendant further asserts that Plaintiff fails to allege sufficient facts to establish that Defendant had notice of Oatis' propensity for abuse or that Defendant exercised any supervisory authority over him.

In opposition, Plaintiff asserts that an extension under CPLR § 306-b is warranted in the interest of justice, emphasizing that the CVA was enacted precisely to allow claims such as his to be adjudicated on their merits rather than dismissed on procedural grounds. Plaintiff relies on *Leader v. Maroney, Ponzini & Spencer*, 97 NY2d 95 (2001), arguing that the interest of justice standard under CPLR § 306-b is broader and more flexible than the good cause standard, and that factors such as the meritorious nature of the claim, lack of prejudice to the Defendant, and legislative intent weigh in favor of permitting the case to proceed. Plaintiff further contends that the complaint sufficiently pleads causes of action for negligence, citing *Doe v. Ascend Charter Schools*, 121 NYS3d 285 (2d Dept 2020), where a motion to dismiss was denied despite general allegations of prior notice of sexual misconduct.

## DISCUSSION

### A. Extension of Time for Service Under CPLR 306-b

The Court of Appeals in *Leader v. Maroney, Ponzini & Spencer*, 97 NY2d 95 (2001), made clear that courts must engage in a fact-specific analysis when determining whether to extend the time for service under CPLR § 306-b. Factors relevant to this analysis include the expiration of the statute of limitations, the meritorious nature of the claim, and potential prejudice to the defendant. Here, Plaintiff's claim is undeniably meritorious, as evidenced by detailed allegations of systemic negligence in hiring and supervising individuals with access to minors.

New York courts have repeatedly emphasized that procedural hurdles, like those alleged here, should not obstruct Legislative intent. The CVA was enacted to permit survivors of childhood sexual abuse to seek redress despite the passage of time. Courts have consistently granted extensions under CPLR § 306-b where, as here, the action was timely commenced but service was delayed due to reasonable difficulties (*see Beauge v New York City Tr. Auth.*, 282 AD2d 416 [2d Dept 2001]; *State of New York Mtge. Agency v Braun*, 182 AD3d 63 [2d Dept 2020]). Given that Plaintiff has demonstrated a good-faith effort to serve Defendant and that no prejudice has been articulated by Defendant, the court finds that an extension of time for service is warranted in the interest of justice.

In addition, the delays in service and initial procedural hurdles in this case must be viewed in the broader context of the unprecedented volume of claims filed under the CVA during its revival window, coupled with the unforeseen challenges presented by the COVID-19 pandemic.

**950467/2021   N., M. vs. PRESBYTERIAN CHURCH (USA)**
**Motion No.  006**

**Page 2 of 4**

2 of 4

These external circumstances created systemic backlogs, impacted court operations, and contributed to delays that were beyond Plaintiff's control. Given these realities, Defendant cannot credibly assert prejudice when this matter remains in its infancy from a discovery standpoint. The interests of justice demand that Plaintiff not be penalized for circumstances outside Plaintiff's control, particularly when legislative intent under the CVA prioritizes adjudicating such claims on their merits rather than dismissing them based on procedural technicalities.

### B. Statute of Limitations Defense

Defendant's assertion that Plaintiff's claim is time-barred under CPLR § 3211(a)(5) is unpersuasive. The CVA explicitly revived claims that would otherwise have been barred, and Plaintiff commenced this action within the applicable revival window. The Legislature's intent in enacting CPLR § 214-g was to prioritize substantive adjudication of child sex abuse claims over technical defenses. Courts have consistently held that statutory revival provisions should be construed broadly to effectuate legislative intent (*see Sassi v Mobile Life Support Servs., Inc*., 37 NY3d 236 [2021]; *Samuel W. v United Synagogue of Conservative Judaism*, 219 AD3d 421 [1st Dept 2023]). The court declines to circumvent this legislative prerogative by dismissing the case on hyper-technical procedural grounds.

### C. Sufficiency of Plaintiff's Negligence Allegation

On a motion to dismiss for failure to state a cause of action under CPLR § 3211 (a)(7), courts afford the pleadings a liberal construction, accept the facts as alleged in the complaint as true, and give the plaintiff the benefit of every possible favorable inference (*Leon v Martinez*, 84 NY2d 83, 87 [1994]; *JF Capital Advisors, LLC v Lightstone Group*, LLC, 25 NY3d 759, 764 [2015]). Ordinarily, the court's inquiry is limited to assessing the legal sufficiency of the plaintiff's pleadings; accordingly, the court's only function is to determine whether the facts as alleged fit within a cognizable legal theory (*JF Capital Advisors*, 25 NY3d at 764, *supra*). However, where the complaint consists of bare legal conclusions with no factual specificity (*Godfrey v Spano*, 13 NY3d 358, 373 [2009]) or where the statements in a pleading are not sufficiently particular to give the court and parties notice of the transactions and/or occurrences intended to be proven (CPLR § 3013; *Mid-Hudson Val. Fed. Credit Union v Quartararo & Lois, PLLC*, 31 NY3d 1090, 1091 [2018]), the motion to dismiss should be granted. Indeed, "allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration" (*Garber v Board of Trustees of State Univ. of NY*, 38 AD3d 833, 834 [2d Dept 2007], *quoting Maas v Cornell* Univ., 94 NY2d 87, 91 [1999]). CPLR § 3013, states that "[s]tatements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense." Thus, conclusory allegations will not suffice (*see DiMauro v Metropolitan Suburban Bus Auth*., 105 AD2d 236, 239 [2d Dept 1984]; *Fowler v American Lawyer Media*, 306 AD2d 113, 113 [1st Dept 2003]; *Sheriff v Murray*, 33 AD3d 688 [2d Dept 2006]). When the allegations in a complaint are vague or conclusory, dismissal for failure to state a cause of action is warranted (*see Schuckman Realty v Marine Midland Bank, N.A.*, 244 AD2d 400, 401 [2d Dept 1997]; *O'Riordan v Suffolk Ch., Local No. 852, Civ. Serv. Empls. Assn.*, 95 AD2d 800, 800 [2d Dept 1983]). That said, a motion to dismiss under CPLR § 3211(a)(7) must be denied if the complaint states a cognizable cause of action. The court must

**950467/2021   N., M. vs. PRESBYTERIAN CHURCH (USA)**
**Motion No.  006**

**Page 3 of 4**

3 of 4

accept the facts alleged in the complaint as true, afford the plaintiff the benefit of all favorable inferences, and determine only whether the alleged facts fit within any cognizable legal theory (*Leon*, 84 NY2d at 87-88, *supra*).

Defendant argues that Plaintiff has failed to allege notice of Oatis' propensity for sexual abuse. However, courts have repeatedly held that claims of negligent hiring, supervision, and retention may survive a motion to dismiss where a plaintiff alleges facts that, if true, establish a failure to act upon readily observable warning signs (*see Kenneth R. v. Roman Catholic Diocese*, 229 AD2d 159 [2d Dept 1997]; *Doe v. Ascend Charter Schools*, 121 NYS3d 285 [2d Dept 2020]).

Here, Plaintiff alleges that Oatis' conduct was open and notorious, that Plaintiff was frequently isolated, and that Oatis was permitted unsupervised access to minors, which raises an inference of constructive notice. Courts have recognized that institutions may be held liable where they failed to implement reasonable safeguards to prevent foreseeable abuse (*see Haddock v. City of New York*, 75 NY2d 478 [1990]; *McArdle v. Beacon City Sch. Dist.*, 127 AD3d 826 [2d Dept 2015]). Given these allegations, Plaintiff has sufficiently stated a claim for negligence, warranting denial of Defendant's motion.

The court has considered Defendant's remaining arguments, and finds them unavailing.

Accordingly, it is hereby

ORDERED that Defendant's motion to dismiss is DENIED in its entirety; and it is further

ORDERED that Plaintiff's service upon Defendant is deemed timely and proper, *nunc pro tunc*, in the interest of justice; and it is further

ORDERED that the parties shall be permitted to proceed with discovery.

This constitutes the decision and order of the court.

| **1/31/2025** | |
| --- | --- |
| **DATE** | **HASA A. KINGO, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | X | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | REFERENCE |

**950467/2021   N., M. vs. PRESBYTERIAN CHURCH (USA)**
**Motion No.  006**

**Page 4 of 4**